CHARLES F. DUNN ET AL. v. GEORGE PATRICK.

(Filed 11 October, 1911.)

1. Appeal and Error—Appeal from Justice's Court—Ejectment—Superior Court—Rents and Damages—Measure of Damages—New Trial on One Issue.

On appeal to the Superior Court from a judgment of a justice of the peace in a summary proceeding in ejectment wherein it was determined, under the first issue, that the plaintiff was entitled to the possession of the premises, and, under the second issue, to a certain sum, as rents and damages, the plaintiff is entitled to recover in the Superior Court the rents and damages which have accrued to the date of the trial therein, and it is error for the trial judge to limit the recovery to the amount allowed in the justice's court. Error as to the second issue alone having been committed, a new trial upon that issue alone is ordered.

2. Appeal and Error—Appeal from Justice's Court—Ejectment—Superior Court—Rents and Damages—Surety—Stay Bond—Measure of Damages.

The surety on a bond to stay execution on appeal from a judgment of a justice of the peace rendered in summary proceedings in ejectment is liable for such rents and profits to the plaintiff as may accrue to the date of the trial in the Superior Court. Revisal, secs. 2008, 2006.

3. Appeal and Error—Appeal from Justice's Court—Entry of Notice.

In this case the failure of the appellant to enter his appeal from the justice's judgment within the time prescribed by the statute, Revisal, secs. 1491 and 2008, is considered as not material, in view of the special facts of the case.

Appeal by plaintiffs from *Peebles, J.,* at March Term, 1911, of Lenoir.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*Charles F. Dunn in propria persona.*
*No counsel contra.*

Walker, J.  This action was brought under Revisal, secs. 2001-2011, and is a summary proceeding in ejectment by the plaintiff, as landlord, against the defendant, as his tenant.  It appears from the testimony of the plaintiff, the only witness examined, that he leased the land to the defendant in May, 1909, at 50 cents a week, and that the rent was regularly paid until November of that year, when the defendant, upon demand, refused either to pay rent or to quit the premises.  The plaintiff thereupon brought this proceeding against him before a justice of the peace, who, after hearing the case, gave judgment in favor of the plaintiff for $5.25 and costs.  The defendant ap- pealed and gave bond to stay the execution, conditioned that "he would pay any judgment which in this or any other action the plaintiff may recover for rent of the said premises and dam- ages for the detention thereof," which condition is in accord- ance with the statute in such cases made and provided, Revisal, sec. 2008.  W. C. Fields is surety on the bond.  The case was tried in the Superior Court upon two issues:

1. Are the plaintiffs entitled to the possession of the prop- erty described in the complaint?  Answer: Yes.

2. What amount, if any, are the plaintiffs entitled to recover of the defendants?  Answer: $5.25.

The court instructed the jury that, if they believed the evi- dence, they should answer the first issue "Yes" and the second issue "$5.25" (the amount of rents to the time of the justice's trial), which was accordingly done, and from the judgment upon the verdict the plaintiff appealed, being content with the charge as to the first issue, but alleging error as to the second.

We gather from the record, which is not made up in a regu- lar and orderly way, though sufficiently so for our decision upon the merits of the case, that the defendant did not enter

his appeal to the justice's judgment within the time prescribed by the statute, Revisal, secs. 1491 and 2008; but in the view we take of the case, this is not a material or practical question. We are unable to determine upon what ground or for what reason the court denied the plaintiff's right to an assessment of the rents and damages accrued to the date of the trial. Revisal, sec. 2006, expressly provides for such an assessment in this kind of proceeding, and directs that the verdict shall include and the judgment shall be entered for such rents and damages, and this is, in addition, the general rule, regardless of any special statutory provision. This Court said in *Morisey v. Swinson,* 104 N. C., 555, that "under the present method of procedure, rents are recoverable up to the time of the trial," and this is allowed in order to avoid circuity of action or multiplicity of suits, and so that the entire controversy, as far as it may be done, will be settled in one action, this being in accordance with the very spirit and purpose of our Code. See, also, *Whissenhunt v. Jones,* 78 N. C., 361; *Burnett v. Nicholson,* 86 N. C., 99; *Grant v. Edwards,* 88 N. C., 246. The plaintiff duly excepted to the erroneous instruction upon the measure of damages, and his exception must be sustained and the case remanded for a new trial upon the second issue alone. In other respects the verdict will stand until it is completed by a correct finding upon that issue. The judgment upon the verdict will be entered both against the defendant and his surety for the amount assessed. Revisal, sec. 2006.

New trial.