HIGHWAY COMMISSION OF HALIFAX COUNTY v. H. B. VARNER ET AL.,
DIRECTORS OF THE STATE PRISON.

(Filed 2 March, 1921.)

1. Statutes—Interpretation—Ambiguity.

    When the language of a statute is unambiguous and the intent is plain,
    there is no need for its construction by the courts, and it is the duty of
    the courts to enforce it according to its obvious terms and meaning.

**2. Same—Roads and Highways—Road Commissioners—Repealing Statutes—Mandamus.**

Where a statute, as amended, directs the construction and repair of a certain public highway in a township by the directors of the State Prison, to be done in accordance with and under the direction of the Highway Commissioners of the township, and place thereon, not later than a certain date, a certain force of convicts, suitable teams, etc., and thereafter withdraws from the township commissioners of the county the power to construct, maintain, and improve the public roads of the townships, and gives it to the Highway Commissioners of the county, created by the act, repealing all laws or parts of laws in conflict therewith, including in specific terms "special or local laws authorizing the raising of money for the purpose: *Held*, the former acts are 'local' or 'special,' and their provisions are repealed by the latter act; and an order for a mandamus brought by the county Highway Commission against the directors of the State Prison to compel them to construct, etc., the road as specified in the former statute, will be denied by the courts. As to whether mandamus was proper remedy, *Quere?*"

ACTION for a mandamus. Appealed from *Kerr, J.,* at January Term, 1921, of HALIFAX.

The object of the action is to compel the defendants to comply with the following provisions of Public Laws of 1913, chapter 65, as amended by Public Laws of 1915, chapter 52, the amended law being as follows:

"SECTION 1. That the directors of the State's Prison be and they are hereby authorized and directed to repair and construct by use of convicts of the State's Prison a public highway in Halifax Township, Halifax County, leading from the town of Halifax to Connoconnara Swamp in the direction of the State farm, the same being the public road leading from said town to the State farm.

"SEC. 2. That this work shall be done in accordance with and under the direction of the highway commission of Halifax Township: *Provided,* that the time for the use of the convicts under this act shall be in the discretion of the superintendent of the State's Prison, and their use shall not conflict nor interfere with the general work of the State farm."

The following provision was added to section 2 by chapter 52, Public Laws of 1915: "That this work shall be done in accordance with and under the direction of the highway commission of Halifax Township, and said directors of the State's Prison shall place on said road not later than August first, nineteen hundred and fifteen, a force of convicts not less than thirty in number, with suitable teams, and so forth, not less than forty mules, with wagons and tools, and keep the same there until said work is completed: *Provided,* that the directors of the State's Prison may not be required to build a more expensive type of road than the roads built under the bond issue by the highway commission of said township."

By Public-Local Laws of 1919, chapter 534, the general supervision and authority over public highways, and road and bridge construction, improvement and maintenance were withdrawn from the townships and given to the county, acting through and by the "highway commission of Halifax County," which body is created by that act. Section 22 of that act provides, as follows:

"All special or local laws relating to the construction, improvement, or maintenance of public roads or bridges of Halifax County, or of any township therein, including special or local laws authorizing the raising of money for said purposes, are hereby repealed. All laws and parts of laws in conflict with this act are also repealed. Nothing in this act, however, shall be held to invalidate any indebtedness incurred under any law hereby repealed, or to invalidate any act done under such a law, or to prevent the collection of any taxes levied under such law."

The court, upon the pleadings and statutes, rendered judgment for the plaintiff, and defendants appealed.

*George C. Green for plaintiff.*
*Attorney-General Manning and Assistant Attorney-General Nash for defendants.*

WALKER, J., after stating the case: The question on which the decision of this case turns is whether the act of 1919 repealed the acts of 1913 and 1915 so as to destroy the plaintiff's cause of action. We are of the opinion that they did, plainly and expressly, or, at least, with sufficient certainty to show that it was the intention of the Legislature to do so. If the Legislature had simply created the "highway commission of Halifax County" without more, the contention of the plaintiff would have some plausibility, and would impress us more favorably, but the language of the act of 1919 is so clear, explicit, and comprehensive that we can give it but the one meaning, and therefore it requires no construction. We interpret it as it is written, and as its manifest meaning and intention are disclosed by its words.

It is familiar learning that there is no ground for construction when the language of a statute is unambiguous and the intent is plain. Black on Interpretation of Statutes, pp. 35 and 36; *Whitford v. Ins. Co.,* 163 N. C., 223; *S. v. Barco,* 150 N. C., 792; *Pugh v. Grant,* 86 N. C., 40; *U. S. v. Fisher,* 2 Cranch. (U. S.), 358 (2 L. Ed., 304); *Dewey v. U. S.,* 178 U. S., 510 (44 L. Ed., 1170); Endlich Inter. Statutes, sec. 4. The rule has been clearly stated by the courts in various forms, but they all are substantially expressed in this formula, that where the meaning of a statute is plain it is the duty of the courts to enforce it according to its obvious terms, which excludes the necessity for construction. *Thornley*

*v. U. S.,* 113 U. S., 310; *Doe ex dem. Poor v. Considine,* 6 Wal. (U. S.), 458 (18 L. Ed., 869); *Hamilton v. Rathbone,* 175 U. S., 419.

The act of 1913 is not a general law; that is, one having general application, but is "local" and undoubtedly "special" in its nature, and therefore necessarily embraced by the language of the repealing clause of the act of 1919 (sec. 22). We were not informed of any other general, special, or local act relating to this subject, and the act of 1919 as clearly indicates what law was intended to be repealed as if it had referred to it by the year of its enactment and the chapter of the laws of that year where it would be found. But the other provisions of the act of 1919, especially those of sections 8 and 9, lead us to the same conclusion. The language of those sections is so broad in its scope as to show without any doubt that the Legislature intended to abolish all authority of townships over the construction and maintenance of roads and bridges, as well as their repair and reconstruction, and to vest the entire authority with respect thereto in the county, acting through its own highway commission, created by the act of 1919. The language of section 8, upon which plaintiff relies for the position that it was not intended to repeal the act of 1913, as originally framed, or as amended, takes away all of the power and jurisdiction (so to speak) of the township highway commission over roads and lodges it "absolutely and entirely" in the county highway commission, as the act of 1919, repealed altogether, and without any reservation, the law of 1913, it not only completely changed the law as to the control of roads of the township, but relieved the defendants from the duty imposed upon them by the act of 1913, concerning the repair and reconstruction of the particular road mentioned in that act. It follows from these considerations that plaintiff's cause of action, if it had any theretofore, has been lost. There is nothing said in the act of 1919 about repairing the roads of Halifax Township, except as that township is embraced by the general terms of the act. It is not named, by itself, in the act.

The other question, as to the right of the plaintiff to bring this action for a mandamus against the defendants as agents or officers of the State, need not be discussed in view of the conclusion we have reached.

After the full discussion given to this question, it will be unnecessary to consider the evident reasons for this change in legislation concerning the repair of this road leading from the town of Halifax to the former State farm. If the county, or township, feels that the State in some way should compensate it for damage done to this road, on proper application to the Legislature it may get adequate relief, as the State is presumed always to be just, and to perform its moral obligations. It may be moved, though, to deny relief in this particular case, as plaintiff has been guilty of laches, and conditions and circumstances have recently been so

materially changed so as to greatly increase the difficulty of doing the work, or some other equity in its favor may exist, which would justify its refusal.

The case having been heard upon complaint and answer alone, it will be certified to the court below that there was error. The judgment will be reversed, and the action dismissed.

Reversed.