R. C. RYAN v. W. M. REYNOLDS, COLEMAN FOSTER AND
H. P. FIELDS.

(Filed 25 November, 1925.)

1. **Contracts—Landlord and Tenant — Ejectment — Leases—Re-entry—
   Possession—Statutes.**

   Our statute writes into a contract of lease of lands when the lease is
   silent thereon, a forfeiture of the terms of the lease upon failure of the
   lessee to pay the rent within ten days after a demand is made by the
   lessor or his agent for all past due rent, with right of the lessor to enter
   and dispossess the lessee. C. S., 2343.

2. **Statutes—In Pari Materia—Interpretation—Landlord and Tenant.**

   C. S., 2343, allowing the lessor the right of entry upon the leased
   premises upon failure of the lessee to pay the rent, etc., and C. S., 2372,
   are *in pari materia*, and should be construed together.

3. **Landlord and Tenant — Leases — Ejectment — Statutes—Payment—
   Tender.**

   Under the provisions of C. S., 2372, the lessee in summary ejectment is
   given the right to tender or pay into court the amount of rent due under
   the lease to the time of the beginning of the action, with interest and
   costs, and upon his so doing, the proceedings will be stayed, and the
   exception of the lessor that all rents whether due under the terms of the
   contract or not, should be included to the time of the dismissal of the ac-
   tion, is untenable.

4. **Same—Nonsuit—Appeal and Error.**

   Where there is an appeal from the justice of the peace in ejectment,
   the jury shall assess all damages of the plaintiff when he is entitled there-
   to from the time of the unlawful detention to the time of the trial in the
   Superior Court, and upon the defendant's tendering the amount sued for
   and the costs to the time, a judgment as of nonsuit is properly allowed.

5. **Same—Separate Contracts—Interpretation.**

   Where a contract for the lease of land at a specified rent contains a
   provision giving to the lessee the right to take sand therefrom at a stated
   price, the lessor in ejectment cannot maintain the position that the
   lessee should tender or pay for the sand he may thus have used, under the
   provision of C. S., 2372, as a part of the rental due by him, the contract
   being construed separately as to the two provisions.

APPEAL by plaintiff from *Finley, J.*, September Term, 1925, of FOR-
SYTH. Affirmed.

The return of the justice of the peace on appeal to the Superior Court
by defendants is as follows: "On 14 July, 1925, at the request of the
plaintiff, I issued a summons in his favor and against the defendants,
which is herewith sent. Said summons was, on the return day thereof,
returned before me at my office; and at the same time and place, the
parties personally appeared. The plaintiff complained for possession of

the premises occupied by the defendants and fifty dollars for rent from 29 July, 1924, to 29 July, 1925. The defendant denied. . . . Both parties introduced evidence upon the claims as made by him, and after hearing their proofs and allegations, I render judgment in favor of the plaintiff and against the defendants, on 1 August, 1925, for $50.00, with interest on $50.00 from 29 July, 1925, and for $8.00 cost."

The following judgment was rendered in the court below: "This cause coming on to be heard and being heard before his Honor, T. B. Finley, judge presiding, at the September Term, 1925, of the Superior Court for Forsyth County, and a jury, and it appearing to his Honor that when the case was called for trial the defendants tendered the sum of $50.00 and interest, together with $25.00 to pay the costs, and his Honor further finds it a fact that upon the close of the testimony of the plaintiff the defendants tendered to the plaintiff $140.00, out of which to pay the rent due and the costs of the action. His Honor finds as a fact from the evidence given by the deputy clerk that the costs in this case are $54.35. His Honor further finds that this is an appeal from the court of a justice of the peace, and that the plaintiff in his summons demanded the possession of the premises occupied by the defendants and $50.00 rent from 29 July, 1924, to 29 July, 1925, and his Honor further finds it a fact that in the magistrate's returns he set forth that the plaintiff complained for the possession of the premises occupied by the defendants and $50.00 for rent from 29 July, 1924 to 29 July, 1925. His Honor further finds as a fact, that on 24 July, 1925, the defendants tendered to the plaintiff $25.00 rent, which would be due under the contract 29 July, and the same was not accepted, but did not tender rent claimed by plaintiff to be then due. His Honor finds as a fact, that the rent due at the beginning of this action and the rent accruing since the beginning of this action has been tendered to the plaintiff by the defendants, together with interest, and his Honor further finds as a fact that this is an action brought to recover the possession of demised premises upon a forfeiture for the nonpayment of rent, and that before judgment, the defendants tendered all rent due with interest, together with the costs which tender was made during the trial in the Superior Court. His Honor further finds that the plaintiff refused the tender made by the defendants and the motion was allowed. It is further found as a fact that on the appeal to the Superior Court and on the trial in the Superior Court the plaintiff demanded and moved that damages and all rent be assessed and found that was due as found up to the trial in the Superior Court. Now, therefore, it is ordered, adjudged and decreed that all further proceedings in this case shall cease."

At the close of the testimony for the plaintiff, the defendants moved for judgment as of nonsuit, and it appearing to the court that the de-

fendants have made a tender of all rents and cost due up to the present time, motion allowed. Plaintiff moves that all rent and damages up until the time of the trial be assessed in the trial of this cause. Motion denied.

Judgment was signed as appears of record. Plaintiff assigned the following as error and appealed to the Supreme Court: "(1) For that his Honor erred in allowing the motion for judgment as of nonsuit; (2) for that his Honor erred in overruling the plaintiff's motion that all rent and damages up until the present time be assessed in the trial of this cause."

Other relevant facts will be set forth in the opinion.

*John C. Wallace and Raymond G. Parker for plaintiff.*
*Parrish & Deal for defendants.*

CLARKSON, J. From an examination of the lease in controversy, made by plaintiff, there is no clause giving him a right of reëntry for the nonpayment of rent. The lease is for 5 years with renewal privilege or right for 5 additional years, rent $25.00, payable semiannually in advance. *Simmons v. Jarman,* 122 N. C., p. 195.

It is laid down in *House v. Parker,* 181 N. C., 42, and accepted law in this jurisdiction: "It is true the contract contains no express power of sale; but the general laws of the State in force at the time of its execution and performance enter into and become as much a part of the contract as if they were expressly referred to or incorporated in its terms. *O'Kelley v. Williams,* 84 N. C., 281; *Graves v. Howard,* 159 N. C., 594, and *Van Huffman v. Quincy,* 4 Wallace, 552." Plaintiff relies on the statutory right as follows:

C. S., 2343. "In all verbal or written leases of real property of any kind in which is fixed a definite time for the payment of the rent reserved therein, there shall be implied a forfeiture of the term upon failure to pay the rent within ten days after a demand is made by the lessor or his agent on said lessee for all past due rent, and the lessor may forthwith enter and dispossess the tenant without having declared such forfeiture or reserved the right of reëntry in the lease."

The statute was passed to protect landlords who made verbal or written leases and omitted in their contracts to make provision for reëntry on nonpayment of rent when due. The consequence was that often an insolvent lessee would avoid payment of rent, refuse to vacate and stay on until his term expired. In the present case suit was commenced before the justice of the peace for $50.00 rent and a summary action of ejectment against defendants. The justice of the peace gave judgment for the $50.00 and cost and his returns show that the action before him was for this amount and possession of the premises.

RYAN *v.* REYNOLDS.

The defendants, through their attorneys, before the trial of the case in the Superior Court on appeal, made the following motion: "Now, if your Honor pleases, we tender this motion: The defendants herein pursuant to and by virtue of section 2372 of the Consolidated Statutes, do hereby tender in cash the sum of $50.00, the rent which the plaintiff claims to be due, and do hereby tender $50.00 as costs, or so much thereof as may be necessary to pay the costs of this action, and prays that further action may cease. The plaintiff declined to accept the tender, as above stated. The defendants, through counsel, presented to the court the sum of $75.00 pursuant to the tender.".

C. S., 2372, is as follows: "If, in any action brought to recover the possession of demised premises upon a forfeiture for the nonpayment of rent, the tenant, before judgment given in such action, pays or tenders the rent due and the costs of the action, all further proceedings in such action shall cease. If the plaintiff further prosecutes his action, and the defendant pays into court for the use of the plaintiff a sum equal to that which shall be found to be due, and the costs, to the time of such payment, or to the time of a tender and refusal, if one has occurred, the defendant shall recover from the plaintiff all subsequent costs; the plaintiff shall be allowed to receive the sum paid into court for his use, and the proceedings shall be stayed."

The court overruled the defendants' motion for the time being and heard the evidence. At the conclusion of the evidence, the court below allowed the motion of nonsuit and signed the judgment as above set forth. The action was tried out on claim set forth in the justice of the peace's return—$50.00 rent and possession of the premises leased.

C. S., 2372, was passed in the interest of the tenant. A landlord could bring an action after demand as required by the statute, when each installment of rent was due. The tenant had to pay the rent and cost before judgment or get out. This statute was to protect the tenant from hasty eviction, at the same time the landlord obtained his rent and cost. The two statutes construed together are just and equitable. The forfeiture which gives right of eviction in the present lease is made so purely by statute. The parties could have agreed in the lease upon strict terms as in *Midimis v. Murrell,* 189 N. C., 740. There the lessor and lessee agreed that the lessor had the option to declare the lease "null and void" upon failure to pay the rent. In the instant case the statutory forfeiture is saved by a statutory right to pay rent sued for and cost before judgment. The two statutes must be construed together—*in pari materia.*

C. S., 2371, is as follows: "On appeal to the Superior Court, the jury trying the issue joined shall assess the damages of the plaintiff for the detention of his possession to the time of the trial in that court, and

judgment for the rent in arrear and for the damages assessed may, on motion, be rendered against the sureties to the appeal."

The present suit was for one year's rent—$50.00—and possession of the property. The rent due since this action was instituted—$25.00—was tendered and refused by the plaintiff. The court below found this as a fact, but upon the payment of the $50.00 sued for, $25.00 rent due since action was instituted, and cost, the court below allowed defendant's motion of nonsuit. Plaintiff in his brief says: "At the trial in the Superior Court the defendant tendered rent and cost due, except that which was due for sand removed, which was not tendered." *Dunn v. Patrick,* 156 N. C., 248. There was a controversy in the beginning over the $50.00 by Coleman Foster, who was the assignee of Reynolds & Fields, and plaintiff sued all three—Foster in the beginning claiming his assignors were liable.

The next contention of plaintiff was that, under C. S., 2371, *supra,* the amount due for sand removed should be assessed up to the time of trial as rent or damages. That 3,000 to 5,000 yards of sand were removed and not paid for, and this was certainly rent or damages.

The language of the lease, clause 2d, is as follows: "The annual rent during the term shall be $50.00 payable in advance, $25.00 semiannually." The 3d clause gives to the lessees, their heirs and assigns, the privilege to remove sand from the bed of the creek and to pay plaintiff 10c per yard for the sand taken and carried away. There is nothing in the language of the lease or otherwise that indicates that this 10c a yard is rent. It is simply an agreement between the parties to pay for sand as taken at a fixed price. Defendants need not take the sand, but "the privilege" is given. When taken, plaintiff has a right to an action for the price stipulated. This Court cannot make a lease, its only power is to construe one made.

In C. S., 2371, *supra,* the language clearly says the jury shall assess damages for the detention of his possession. Here the amount fixed is the rent and the term has not expired. The plaintiff cannot "tack on" to the rent contract the sand agreement, although both are in the same lease. The language of the lease does not permit this to be done.

It was contended by defendants on the argument that, under the contract which was for 5 years with privilege of renewal for 5 years; that the defendants have made very valuable improvements on the land and a "strict forfeiture" would confiscate these improvements. Both statutes use the word "forfeiture" and C. S., 2372, gives the remedy to the tenant upon forfeiture for the nonpayment of rent. The statute declares the meaning—that tenant shall pay all back rent, etc., and cost before judgment. From a careful review of the record, the judgment of the court below is

Affirmed.