RUSSELL H. TUCKER, JR., v. FRED M. ARROWOOD AND W. A. LANE, RECEIVER OF ARROWOOD DRUG COMPANY.

(Filed 6 January, 1937.)

1. **Landlord and Tenant § 15—**

    Acceptance of rents after due dates *held* not a waiver by the landlord of his right under the terms of the lease to declare the lease void for lessee's failure to pay promptly the rent for a subsequent month.

2. **Receivers § 13—**

    Contention that action could not be maintained against defendant corporation in receivership *held* untenable when the record discloses that the receivership was dissolved and the corporation made a party defendant before the trial in the Superior Court.

**3. Landlord and Tenant § 18b—**

Where the lease provides that the landlord shall have the option to declare the lease void upon failure of lessee to pay rent when due, and waives notice to vacate, lessee may not prevent forfeiture by tendering rents due upon the trial, C. S., 2372, nor claim the benefit of C. S., 2343.

APPEAL by defendants from *Warlick, J.,* at June Term, 1936, of ROCKINGHAM. No error.

*D. F. Mayberry and Hunter K. Penn for plaintiff, appellee.*
*F. Eugene Hester for defendants, appellants.*

PER CURIAM. This was an action in summary ejectment, instituted under C. S., 2365, *et seq.,* for nonpayment of rent under a lease containing the following stipulation: " . . . It is understood and agreed that if said lessee shall fail to pay said sum when due or fail to comply with any other provision of this lease, then and in that event, at the option of the lessor, this lease shall be null and void, and the said lessee hereby contracts and agrees to vacate the above described lot or parcel of land on demand of the lessor or his agent, and the said lessee hereby waives all notice to vacate same." Under the terms of said lease the rent was due on 4 April, 1936, and 4 May, 1936, and said rent was not paid when this action was instituted on 6 May, 1936.

The contract of lease was made with the individual defendant, and the corporate defendant was occupying the building involved with the knowledge of plaintiff, when a receiver therefor was appointed on 16 April, 1936.

It is the contention of the appellants that the plaintiff waived his option, under the lease, to declare the lease null and void by the acceptance of rents after the dates they were due prior to 4 April, 1936. Upon an examination of the record, we cannot agree with this contention.

It is also the contention of the defendants that the court is without jurisdiction over a receiver, an officer of the court, but it appears in the record that the receivership was dissolved and the corporation was made a party defendant before the trial in the Superior Court. Hence, this contention is without merit.

In view of the fact that the option of the plaintiff, the lessor, contained in the lease, to declare the lease forfeited had not been waived, the appellants are not entitled to the relief provided by C. S., 2372, by a tender of the rents due at the trial; and likewise, since in the lease the lessee waives all notice to vacate, C. S., 2343, has no application.

Since all of the evidence tends to show that there was a clear violation of the provision of the contract of lease by a failure to make the payment of the rent when due, and the contract of lease stipulates that

upon such failure, "at the option of the lessor this lease shall be null and void," we think, and so hold, that his Honor was correct when he charged the jury to the effect that if they found the facts to be as shown by all the evidence they should answer the issue of ownership and right of possession in favor of the plaintiff.

In the record we find