Couch v. Realty Corp.

LEAMON FORD COUCH AND WIFE, GLADYS A. COUCH v. ADC REALTY
CORP., ARLEN REALTY MANAGEMENT, INC., ARLEN REALTY, INC.
AND CAMERON-BROWN COMPANY

No. 7914SC534

(Filed 5 August 1980)

1. **Ejectment § 3– failure to pay rent – summary ejectment improper remedy**

Plaintiffs' action was not one in which summary ejectment could be had before defendants had filed answers and before the time for filing answers had expired, since summary ejectment is allowed on five days' notice in certain cases and claims for summary ejectment are first heard before magistrates, while the summons in this case were not returnable before a magistrate, and they required defendants to answer within thirty days.

2. **Receivers § 2; Landlord and Tenant § 18– termination of lease – appointment of receiver pending litigation**

In an action to terminate a lease for alleged breaches by defendant and to have a receiver appointed to take over the management and preserve the property in question, the most the trial court could do under G.S. 1-502(1) was to appoint a receiver pending the outcome of the litigation, although the court characterized the appointment as that of a "permanent" receiver, since the court held a hearing and made the appointment before the time for filing an answer had elapsed.

3. **Landlord and Tenant § 18– failure to pay rent – no provision in lease for termination – tender of rent – determination as to proper amount not made**

A lease did not provide that, upon failure of the lessee to pay rent, the lessor could terminate the lease, though the lease did provide that in a default other than failure to pay rent the lessor would take no action to effect a termination of the lease without first giving the leasehold mortgagee a reasonable time to cure the default or to gain possession of the premises, and though the lease provided that upon the payment of the rent and performing the other terms of the lease, the lessee would have quiet enjoyment; therefore, the trial court erred in holding that the lessor did have the right to terminate the lease for nonpayment of rent and for other reasons; at the time defendants allegedly tendered the rent due, they had the right to tender the rent and costs pursuant to G.S. 42-33; the trial court erred in not making a factual determination as to the correctness of the amount of tender; and if the correct amount was tendered, plaintiffs' claim for possession of the property based on the failure to pay rent should have been dismissed.

4. **Receivers § 2; Landlord and Tenant § 18– alleged failure to pay rent – termination of lease – appointment of receiver – no acquiescence by lessee**

In an action to terminate a lease for failure to pay rent and to have a receiver appointed to take over the property where the trial court did in fact appoint a receiver, there was no merit to plaintiffs' contention that they had

the right to have the lease nullified because a "permanent" receiver had been appointed, since defendants did not acquiesce in the appointment of the receiver by failing to appear at a hearing held before expiration of the time for filing their answer; they made a motion which, if allowed, would have dissolved the receivership; and the trial court may have committed error by not allowing the motion.

APPEAL by defendants from *Herring, Judge.* Order entered 2 April 1979 in Superior Court, DURHAM County. Heard in the Court of Appeals 15 January 1980.

The plaintiffs own a certain parcel of real estate in Durham County which they leased in 1967 to Consolidated Properties, Inc. Plaintiffs later subordinated their interest in the property to a deed of trust to Cameron-Brown Company in order to obtain financing for an apartment complex. Through various assignments and mergers, Arlen Realty, Inc. obtained the leasehold interest of Consolidated. It assigned this interest to ADC Realty Corp. and Arlen Realty Management, Inc. became the manager of the property. On 15 January 1979, plaintiffs instituted this action. They alleged the defendants were in arrears in rent payments, delinquent in mortgage payments, and delinquent in the payment of city and county taxes; that these were material breaches of the lease agreement entitling the plaintiffs to immediate possession of the property. Plaintiffs prayed that the lease be declared null and void, that a receiver be appointed to take over the management and preserve the property, and that the plaintiffs be awarded money damages based on expenditures they had made as a result of the defendants' failure to perform their duties under the lease. Summons requiring the defendants to file answers to the complaint within 30 days were served on all defendants. On the date the action was filed, a receiver was appointed. A copy of the order appointing the receiver was served on the defendants directing them to appear and show cause on 22 January 1979 why a permanent receiver should not be appointed. On 23 January 1979, an order was signed in which the court found that the rent was in arrears, and the mortgage payments and taxes were delinquent. The court further found that these were material breaches of the lease and "the plaintiffs have an apparent legal and equitable right to the possession of the said property and termination of the leasehold interest ... ." The court

appointed what was denominated a "permanent" receiver for the property.

The time for the defendants to file answers was extended until 20 April 1979. On 20 March 1979 the defendants filed a motion to dismiss the action on the ground that all rentals and costs due had been tendered to the plaintiffs pursuant to G.S. 42-33. An affidavit showing the tender and refusal by the plaintiffs to accept was attached to the motion to dismiss. On 23 March 1979 the plaintiffs filed an amended complaint in which they reaffirmed the allegations of their original complaint, and in addition, alleged the defendants had committed waste and had acquiesced in the appointment of a receiver, both of which entitled the plaintiffs to have the lease voided.

On 2 April 1979, the court signed an order in which it found "that the nature of the action was for summary ejectment," that the defendants "were served with copies of the Summons, Complaint, Petition and Order on January 16, 1979;" that the defendants, other than Cameron-Brown, did not appear at the hearing on 22 January 1979 although they had received notice of the hearing; that a permanent receiver was appointed after the hearing on 22 January 1979 and that defendants were permanently ejected from the premises. The court further found that the plaintiffs had the right to terminate the lease upon the failure of the defendants to pay the rent, make the mortgage payments, pay taxes on the property or by committing waste and that defendants had violated the terms of the lease in all these respects. The court found that the lease had been terminated.

As to the defendants' tender to the plaintiffs, the court found that the defendants knew the plaintiffs were asking for a "permanent" ejectment on 22 January 1979 and made no tender prior to the hearing on that date. The court found that the tender was of no effect.

The court also found that by not appearing at the hearing on 22 January 1979, the defendants had acquiesced in the appointment of a permanent receiver and that the lease would in any event be terminated as of 1 April 1979.

All defendants except Cameron-Brown appealed.

*Nye, Mitchell, Jarvis and Bugg, by Charles B. Nye and John E. Bugg, for plaintiff appellees.*

*Fairley, Hamrick, Monteith and Cobb, by James D. Monteith and F. Lane Williamson, and Newsom, Graham, Hedrick, Murray, Bryson and Kennon, by Josiah S. Murray, III, for defendant appellants.*

WEBB, Judge.

[1,2]  The order dated 2 April 1979, which was, in effect, a final judgment terminating the defendants' interest in the leasehold estate, contained a recital "the nature of the action was for summary ejectment." Summary ejectment is governed by Art. 3 of Chapter 42 of the General Statutes. It is allowed on five days' notice in certain cases and claims for summary ejectment are first heard before magistrates. The summons in the case sub judice were not returnable before a magistrate, and they required the defendants to answer within 30 days. We hold that the case sub judice is not an action in which summary ejection may be had before the defendants had filed answers and before the time for filing answers had expired. With this in mind, we examine the order of 23 January 1979 upon which the order of 2 April 1979 was in part based. The order of 23 January 1979 purported to appoint a "permanent" receiver pursuant to Chapter 1, Art. 38 of the North Carolina General Statutes. G.S. 1-502 provides in part:

A receiver may be appointed —

(1) Before judgment, on the application of either party, when he establishes an apparent right to property which is the subject of the action and in the possession of an adverse party, and the property or its rents and profits are in danger of being lost, or materially injured or impaired; except in cases where judgment upon failure to answer may be had on application to the court.

---

---

(2) After judgment, to carry the judgment into effect.

(3) After judgment, to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal, or when an execution has been returned unsatisfied, and the judgment debtor refuses to apply his property in satisfaction of the judgment.

(4) In cases provided in G.S. 1-507.1 and in like cases, of the property within this State of foreign corporations.

(5) In cases wherein restitution is sought for violations of G.S. 75-1.1.

The only subsection of G.S. 1-502 under which a receiver could have been appointed was subsection (1). No judgment had been entered which would bring subsections (2) or (3) into effect; subsection (4) deals with the appointment of receivers for corporations (the receiver in the case sub judice was appointed to hold real property); and subsection (5) deals with unfair methods of competition which is not in issue in this case. Although the court characterized it as the appointment of a "permanent" receiver, the most the court could do under subsection (1) was to appoint a receiver pending the outcome of the litigation. The court's findings of fact in the 23 January order, which pertained to the matters at issue, were not binding so far as the final determination of the case was concerned but could only have been used to support the order appointing the receiver. We hold that on 23 January 1979, after the order had been signed, the action was pending as to all issues, and a receiver had only been appointed to hold the property pending the outcome of the litigation.

[3] The next question we face is the motion of the defendants to dismiss on the ground they had tendered the rent and costs to the plaintiffs. G.S. 42-33 provides in part:

If, in any action brought to recover the possession of demised premises upon a forfeiture for the nonpayment of rent, the tenant, before a judgment given in such action, pays or tenders the rent due and the costs of the action, all further proceedings in such action shall cease.

Couch v. Realty Corp.

It has been held that this section has no application if the terms of the lease provide the lessor can terminate the lease upon nonpayment of the rent. *Tucker v. Arrowood*, 211 N.C. 118, 189 S.E. 180 (1937). The superior court held in the order of 2 April 1979 that under the terms of the lease in this case the lessor did have the right to terminate the lease for nonpayment of rent and for other reasons. If the superior court were correct in this finding, G.S. 42-33 would not be applicable. The court cited two provisions of the lease. One of them provides that in a default other than failure to pay rent, the lessor will take no action to effect a termination of the lease without first giving the lease-hold mortgagee a reasonable time to cure the default or to gain possession of the premises. The other provision of the lease cited by the court provides that upon the payment of the rent and performing the other terms of the lease, the lessee shall have the quiet enjoyment of the property. Neither of these provisions provides specifically that upon the failure of the lessee to pay rent or violate other provisions of the lease that the lessor may terminate the lease. The superior court made the following finding:

> "[T]he court finds and interprets the entire contract between the parties to provide for the termination of the lease agreement in the event that the Lessee does not make the payments of monies which includes rental, taxes and assessments, insurance premiums and mortgage payments and that the original parties to the lease agreement intended for the lease to so provide."

We hold the superior court committed error in this finding. Unless we infer from the two lease provisions cited above that the lessors have the right to terminate in the event of a failure to pay rent or for some other breach, we can find nothing in the lease which gives the lessors this right. We do not believe we can make this inference. Unless there is an express provision for a forfeiture in a lease, a breach of a covenant does not work a forfeiture. *See Morris v. Austraw*, 269 N.C. 218, 152 S.E. 2d 155 (1967).

The plaintiffs contend that G.S. 42-33 has no application because (1) the tender was not made prior to 23 January 1979 at which time a final judgment had been entered, (2) the defend-

ants did not account as to how they arrived at the tendered amount and (3) the tender did not include interest. We have held that the order of 23 January 1979 was not a final judgment in this case. The defendants' right to tender was not lost on that date. Whether the amount tendered was the proper amount and included interest are factual questions to be determined by the court. We hold that at the time the alleged tender was made, the defendants had the right to tender the rent and costs pursuant to G.S. 42-33. The superior court committed error by not making a factual determination as to the correctness of the amount of the tender. If the correct amount was tendered, the claim for possession of the property based on the failure to pay rent should have been dismissed.

[4] The plaintiffs contend that in any event the lease was terminated by the appointment of a receiver for the property. The lease provides in part as follows:

> "In the event that LESSEE ... shall ... consent to or acquiesce in the appointment of any ... receiver ... of all or any substantial part ... of the Demised Premises ... or if within ninety (90) days after the appointment without the consent or acquiescense [sic] of LESSEE of any ... receiver ... of all or any substantial part ... of the Demised Premises, such appointment shall not have been vacated or stayed on appeal, or otherwise ... then and in any such event, LESSOR ... may give written notice to LESSEE ... stating that this Lease and the term hereby demised shall expire and terminate on the date specified in such notice ... and ... this Lease and the term hereby demised and all rights of LESSEE under this Lease shall expire and terminate ... ."

In interpreting this provision of the lease, we note first that the receiver was appointed at the instance of the plaintiffs. The plaintiffs then contended they had the right to have the lease nullified because a receiver had been appointed. The law does not look with favor on forfeitures of leases. See 49 Am. Jur. 2d Landlord and Tenant § 1021 (1970). We do not believe the defendants acquiesced in the appointment of the receiver because they did not appear at the hearing of 22 January 1979. They

Utilities Comm. v. Delivery Services

made a motion on 20 March 1979 which, if allowed, would have dissolved the receivership. We have held the court may have committed error by not allowing the motion. Under this state of facts, we hold the plaintiffs did not have the right to forfeit defendants' leasehold interest by the appointment of the receiver.

For the reasons stated in this opinion, we reverse the judgment of the superior court and remand for a determination as to whether the defendants tendered the proper amount of rent, including interest, and the costs. If they did so, the claim for possession of the premises, based on the failure to pay rent, should be dismissed and the receivership should be dissolved. The plaintiffs have also sued for waste and money damages based on expenditures they have made as a result of the defendants' violation of the lease agreement. These claims are left for trial.

Reversed and remanded.

Judges PARKER and ARNOLD concur.