CHARLOTTE OFFICE TOWER ASSOCIATES v. CAROLINA SNS CORPORATION AND PEPI'S CHEESE AND WINE, INC.

No. 8726DC991

(Filed 19 April 1988)

Landlord and Tenant § 18— nonpayment of rent—lease provisions—inapplicability of N.C.G.S. §§ 42-3 and 42-33

 Where plaintiff lessor and defendant lessee agreed in their lease that, should nonpayment of rent occur, the plaintiff could elect to terminate the lease or to terminate only the lessee's right of possession, N.C.G.S. §§ 42-3 and 42-33 did not apply, since those statutes are remedial in nature and apply only where the parties' lease does not cover the issue of forfeiture of the lease term upon nonpayment of rent.

APPEAL by defendants from *Jones (William G.), Judge.* Judgment entered 8 June 1987 in District Court, MECKLENBURG County. Heard in the Court of Appeals 3 March 1988.

Plaintiff brought this summary ejectment action to regain possession of premises leased to defendant Pepi's Cheese and Wine, Inc. (Pepi's) and subsequently sublet to defendant Carolina SNS Corporation (SNS). Plaintiff claimed that SNS had failed to pay the monthly rent when due. The magistrate ordered that plaintiff was entitled to possession but stayed judgment until a subsequent default. Plaintiff appealed to the district court.

In district court the case was tried without a jury. The trial court granted plaintiff a judgment of possession for the premises. *Inter alia* the court found the following unexcepted to facts:

1. Charlotte Office Tower Associates is the owner of the Charlotte Plaza office building located in downtown Charlotte, North Carolina.

2. Pursuant to a Lease dated March 15, 1982 . . . , Plaintiff leased space on the second floor of the Charlotte Plaza to Defendant Pepi's.

3. On February 1, 1985, with Plaintiff's consent Pepi's subleased the same premises to Defendant Carolina SNS . . . pursuant to a Sublease Agreement. . . . By its terms the Sublease was subject to the Lease between Pepi's and Plaintiff.

4. Beginning in December, 1985 and continuing through and beyond February 12, 1987, Defendants were in default under the Lease for their failure to make rent payments in a timely manner.

\*     \*     \*

7. As of February 12, 1987, Defendants were four months behind in rent, having failed to pay rents for the months of November, December, January, and February, as well as other accrued charges.

\*     \*     \*

11. On February 12, 1987 at the instruction and authorization of Plaintiff, Plaintiff's attorney wrote Defend-

ants and informed them in accordance with Paragraph 19 of the Lease that Plaintiff was terminating Defendants' right to possession of the leased premises, requesting that SNS vacate the premises, demanding payment of past due rents and other charges and making other demands.

12. Subsequent to February 12, 1987, SNS tendered to Plaintiff the amount of $14,633.00 for past due rents. Plaintiff accepted these rents, but also informed SNS and counsel for both Defendants that it would not reinstate the Lease and again requested that SNS vacate the premises.

13. Defendants subsequently tendered late charges allegedly due and owing in the amount of $9,301.51, under protest and subject to certain conditions. . . . This conditional tender was refused by Plaintiff and the money returned.

Defendants appeal.

*Moore & Van Allen, by Hayden J. Silver, III, for plaintiff-appellee.*

*Perry, Patrick, Farmer & Michaux, by Roy H. Michaux, Jr., for defendant-appellant Carolina SNS Corporation.*

*Waggoner, Hamrick, Hasty, Monteith, Kratt, Cobb and McDonnell, by Dean Gibson, for defendant-appellant Pepi's Cheese and Wine, Inc.*

EAGLES, Judge.

The sole issue on appeal is whether the trial court erred in refusing to apply G.S. 42-33 to stay the order of possession. Defendants contend that application of the statute was appropriate and would have allowed defendants to maintain possession of the leased premises. We disagree and affirm.

Defendants argue that *Couch v. Realty Corp.*, 48 N.C. App. 108, 268 S.E. 2d 237 (1980), too restrictively limits application of G.S. 42-33. Defendants contend that G.S. 42-33 should apply to stay dispossession of the tenant except where the lessor has the right under the lease to terminate for nonpayment of rent and has, in fact, terminated the lease for nonpayment of rent. We disagree.

Here paragraph 19(b)(1) of the lease between plaintiff and Pepi's expressly states that the "Landlord may, at its election, terminate this Lease or terminate Tenant's right to possession only, without terminating the Lease." The trial court found that the sublease between Pepi's and SNS was subject to the lease between Pepi's and plaintiff. Appellants have not excepted to this finding. We find there is competent evidence supporting the trial court's finding and, therefore, we are bound by it. *Hoover v. Crotts*, 232 N.C. 617, 61 S.E. 2d 705 (1950).

We note that G.S. 42-33 is to be construed *in pari materia* with G.S. 42-3. *Ryan v. Reynolds*, 190 N.C. 563, 130 S.E. 156 (1925). G.S. 42-3 applies *only* when a lease does not expressly provide for the landlord's reentry upon nonpayment of rents. *Id.* This statute implies a forfeiture of the remainder of the term and allows the landlord to dispossess a nonpaying tenant who refuses to vacate. *Id.*

G.S. 42-33 on the other hand, protects the tenant. In part, it provides that

> [i]f, in any action brought to recover the possession of demised premises upon a forfeiture for the nonpayment of rent, the tenant, before judgment given in such action, pays or tenders the rent due and the costs of the action, all further proceedings in such action shall cease.

As the *Ryan* court indicated, this provision does not always protect the tenant. In *Ryan* the lease at issue did not address the forfeiture of the term due to nonpayment of rent by the lessee. Nevertheless, the court stated that "[t]he parties could have agreed in the lease upon strict terms." *Ryan*, 190 N.C. at 566, 130 S.E. at 158.

In *Tucker v. Arrowood*, 211 N.C. 118, 189 S.E. 180 (1937) (per curiam), the Supreme Court held that a previous version of G.S. 42-33 did not apply when the lease granted the lessor the option to terminate the lease upon the tenant's nonpayment of rent. The court there stated "[i]n view of the fact that the option of the plaintiff [to terminate the lease], . . . , contained in the lease, to declare the lease forfeited had not been waived, the appellants are not entitled to the relief provided by [G.S. 42-33]." *Id.* at 119, 189 S.E. at 181.

In *Couch* our court applied G.S. 42-33 because there was no lease provision addressing forfeiture of the term based on the tenant's failure to pay his rent. The court noted that G.S. 42-33 "has no application if the terms of the lease provide the lessor can terminate the lease upon nonpayment of the rent." *Couch*, 48 N.C. App. at 113, 268 S.E. 2d at 241.

We conclude that G.S. 42-3 and G.S. 42-33 are remedial in nature and will apply only where the parties' lease does not cover the issue of forfeiture of the lease term upon nonpayment of rent. Where the contracting parties have considered the issue, negotiated a response, and memorialized their response within the lease, the trial court appropriately should decline to apply these statutory provisions. Here, plaintiff and Pepi's agreed in their lease that should nonpayment of rent occur, the plaintiff could elect to terminate the lease or terminate Pepi's right of possession. The statute has no application to this case. The judgment of the trial court is affirmed.

Affirmed.

Judges COZORT and SMITH concur.