RALPH D. MORRIS AND WIFE, ANNIE JO MORRIS v. RICHARD F. AUSTRAW AND WIFE, JEAN A. AUSTRAW.

(Filed 20 January, 1967.)

1. **Ejectment § 1— Breach of condition of lease is not basis for summary ejectment when lease does not provide forfeiture or right of re-entry.**

Breach of a condition in a lease that lessee should not use or permit the use of any portion of the premises for any unlawful purpose or purposes, without provision in the lease automatically terminating the lease or reserving the right of re-entry for breach of such condition, cannot be made the basis of summary ejectment, and provision in the lease that should the landlord bring suit because of the breach of any covenant and should prevail in such suit, the tenant should pay reasonable attorney's fees, does not constitute a provision automatically terminating the lease for breach of such condition or preserve the right of re-entry. G.S. 42-26.

2. **Same—**

The remedy of summary ejectment is restricted to those cases expressly provided for by G.S. 42-26, and where the landlord in summary ejectment fails to bring his rights within the statute, nonsuit is proper.

APPEAL by defendants from *Martin, S.J.,* 7 February 1966 Session of BUNCOMBE.

This is an action in summary ejectment. On 3 January 1966 the male plaintiff, pursuant to G.S. 42-28, made an oath in writing before W. E. Creasman, a justice of the peace in Buncombe County, stating that the defendants entered into the possession of a piece of land in said county known as 948 Tunnel Road, Asheville, North Carolina, as a lessee of plaintiffs; that the term of the lease entered into between plaintiffs as landlord and defendants as tenants expired on 31 December 1965; that the defendants as tenants in possession of said real estate hold over after their term has expired; and that plaintiff asks to be put in possession of the premises, and

also to recover $9.67 per day for occupation of the premises since 31 December 1965 to the date of surrendering possession of the said premises to plaintiffs. The said justice of the peace on 3 January 1966 issued a summons requiring the defendants to appear before him at 50 Court Plaza within ten days to answer the affidavit. On 3 January 1966 the affidavit and the summons were served by a constable upon defendants. On the return day both parties appeared in the court of Flake Moffitt, a justice of the peace in Asheville Township, Buncombe County, to whom the case had been removed. After hearing evidence offered by both plaintiffs and defendants, justice of the peace Moffitt entered judgment dismissing the cause. From such judgment plaintiffs appealed to the superior court, where this case was heard *de novo* by Judge Martin.

At the trial before Judge Martin, plaintiffs were allowed to amend their affidavit by adding thereto that the defendants' lease has been forfeited by a breach of the covenant therein that the premises should not be used for any unlawful purpose or purposes. Before Judge Martin, plaintiffs and defendants waived trial by jury and stipulated and agreed as to the facts, of which we copy below those that are material for a decision of this case:

"1. The paperwriting marked as Plaintiffs' Exhibit 1 constitutes the written lease between the parties.

"2. That thereafter the defendants went into possession of the demised property, and have been in continuous possession of said property until this date.

"3. That on November 10, 1964, the defendants sent a letter identified as Defendants' Exhibit 1, to the plaintiffs, said letter being prepared and signed by Henry C. Fisher, as attorney for the defendants.

"4. That the plaintiffs received said letter identified as Defendants' Exhibit 1, and a copy of said letter was received by Johnson Realty Company, realtor acting as agent for the plaintiffs in the rental of the demised property to the defendants.

"5. That after the receipt of the Defendants' Exhibit 1, the defendants continued to make regular payments of rental called for in Plaintiffs' Exhibit 1, said payments being received by the plaintiffs and the defendants remained in possession of said demised premises.

"6. That on November 8, 1965, the defendant, Richard F. Austraw entered a plea of guilty to the offense of violation of Title 21, Sections 331 and 333, of the United States Code, and Judgment was entered by the Honorable Wilson W. Warlick,

United States District Judge for the Western District of North Carolina, Asheville Division, on November 8, 1965, a copy of the charges, plea and Judgment being certified and marked as Plaintiffs' Exhibit 2 in this proceeding. That on November 9, 1965, the plaintiffs wrote a letter to the defendants, said letter being identified as Plaintiffs' Exhibit 3, and that said letter was received by the defendants on November 12, 1965, receipt for said letter and registration certificate being attached to Plaintiffs' Exhibit 3 and made a part thereof.

"7. That after the mailing and receipt of plaintiffs' Exhibit 3 the defendants remained in possession of the demised premises and continued to tender regular payments of the rent for said premises to the plaintiffs. That the plaintiffs accepted the rental payment for December, 1965, but rejected and returned the tender of the rental for said premises for the month of January, 1966.

\* \* \*

"11. That the plaintiffs became aware of the charge alleged against the defendant, Richard F. Austraw sometime during August, 1965.

"12. That the plaintiffs are the owners in fee of the demised property, and also own other property adjoining the demised property and that a part of this additional space has been occupied by the following persons for the following approximate periods of time:

"Dr. Robert W. Holmes, DDS, five years.

Dr. E. Kent Rogers, DDS, four years.

Dr. J. M. Sloan, MD, four years.

Dr. Harry Summerlin, MD, less than one year,

said professional offices and the demised premises being all one building unit.

"13. That the Beverly Hills Pharmacy, 948 Tunnel Road, Asheville, N. C., mentioned and referred to in Plaintiffs' Exhibit No. 2, is the same property as the demised property described in Plaintiffs' Exhibit No. 1."

Judge Martin entered a judgment wherein he made the following conclusions of law, based upon the stipulated and agreed facts:

"1. That the defendants have forfeited any and all rights accruing to them under and by virtue of the lease dated December 11, 1959, between the plaintiffs and the defendants and which said lease is referred to as Exhibit 1 in the Stipulations in this cause, and that the plaintiffs are entitled to the posses-

sion and enjoyment of the said premises described in the said Exhibit 1.

"2. That the plaintiffs are entitled to the immediate possession of the premises described in said Exhibit 1 of the Stipulations and known and designated as 948 Tunnel Road, Asheville, North Carolina, and the defendants have no further rights in and to the possession and enjoyment of said premises."

Based upon the agreed and stipulated facts and his conclusions of law, Judge Martin's judgment adjudged and decreed as follows:

"1. That the defendants vacate the premises referred to herein and designated as 948 Tunnel Road on or before the 15th day of May, 1966, and

"2. That the plaintiffs have and recover of the defendants the sum of Nine and 67/100 Dollars ($9.67) per day from and after the 31st day of December, 1965, until such date as the defendants fully and finally vacate the said premises.

"3. That the plaintiffs have and recover of the defendants the costs of this action to be taxed by the Clerk."

From this judgment, defendants appeal to the Supreme Court.

*Uzzell and DuMont by William E. Greene and Robert E. Harrell for defendant appellants.*

*Williams, Williams and Morris by William C. Morris, Jr., for plaintiff appellees.*

PARKER, C.J. Defendants assign as errors each of Judge Martin's two conclusions of law, each of the three matters adjudged and decreed in the judgment, and the entry of the judgment.

The written lease between the parties referred to in the first paragraph of the stipulated and agreed facts is set forth in fourteen pages in the record. The basis and scope of summary ejectment in actions between the landlord and tenant are established by G.S. 42-26. Defendants' brief states that the first question involved is: "Did Richard F. Austraw's violation of 21 U.S.C. 331 and 333 constitute a forfeiture of all appellant tenants' rights under the terms and conditions of their lease with appellee landlords?" Plaintiffs' brief states likewise. It seems clear from the stipulated and agreed facts and the first identical question stated in the briefs of the parties that the only section of G.S. 42-26 which could possibly fit the facts stipulated and agreed to is subsection 2, which provides: "When the tenant . . . has done or omitted any act by which, according to the stipulations of the lease, his estate has ceased."

Paragraph 1(a) of the lease between the plaintiffs as landlord and the defendants as tenants provides, *inter alia:* "Tenant shall not use or permit the use of any portion of said premises for any unlawful purpose or purposes." The lease or contract of rental disclosed in the record before us contains no provision automatically terminating the estate for breach of provisions of the lease that "tenant shall not use or permit the use of any portion of said premises for any unlawful purpose or purposes," nor does such contract or lease reserve the right of re-entry for breach of the quoted provisions of the lease. Appellees in their brief contend:

"Section 16(b) of the lease clearly contemplates in unmistakable language that suit might be brought by the Landlord for possession of the premises in the event of the breach of *any covenant* that may be set forth in the lease. The language of the lease is as follows: 'In case Landlord should bring suit for the possession of the premises, for the recovery of any sum due hereunder, *or because of the breach of any covenant herein.'* This clearly indicates that it was the intention of the parties that the landlord might bring suit for possession of the premises if any covenant or promise in the contract was broken."

Paragraph 16(b) of the lease reads as follows:

"In case Landlord should bring suit for the possession of the premises, for the recovery of any sum due hereunder, or because of the breach of any covenant herein, or for any other relief against Tenant, declaratory or otherwise, or should Tenant bring any action for any relief against Landlord, declaratory or otherwise, arising out of this lease, and Landlord should prevail in any such suit, Tenant shall pay Landlord a reasonable attorney's fee which shall be deemed to have accrued on the commencement of such action and shall be enforceable whether or not such action is prosecuted to judgment."

Except in cases where G.S. 42-3 writes into a contract of a lease of lands, when the lease is silent thereon, a forfeiture of the terms of the lease upon failure of the lessee to pay the rent within ten days after a demand is made by the lessor or his agent for all past due rent, with right of the lessor to enter and dispossess the lessee, *Ryan v. Reynolds,* 190 N.C. 563, 130 S.E. 156, a breach of the conditions of a lease between a landlord and tenant cannot be made the basis of summary ejectment unless the lease itself provides for termination of such breach or reserves the right of re-entry for such breach. *Dees v. Apple,* 207 N.C. 763, 178 S.E. 557; 2 Strong's N. C. Index, Ejectment, § 3.

This is said in 32 Am. Jur., Landlord and Tenant, § 848:

"Generally, unless there is an express stipulation for a forfeiture, the breach of a covenant in a lease does not work a forfeiture of the term. Moreover, the settled principle of both law and equity that contractual provisions for forfeitures are looked upon with disfavor applies with full force to stipulations for forfeitures found in leases; such stipulations are not looked upon with favor by the court, but on the contrary are strictly construed against the party seeking to invoke them. As has been said, the right to declare a forfeiture of a lease must be distinctly reserved; the proof of the happening of the event on which the right is to be exercised must be clear; the party entitled to do so must exercise his right promptly; and the result of enforcing the forfeiture must not be unconscionable."

We do not agree with appellees' contention that the provisions of paragraph 16(b) of the lease automatically terminate the tenants' estate for breach of the provisions of the lease that "tenant shall not use or permit the use of any portion of said premises for any unlawful purpose or purposes," and that such provisions of paragraph 16(b) of the lease reserve the right of re-entry to plaintiffs. Appellants' assignments of error to Judge Martin's two conclusions of law are good and are sustained.

The second and last question presented in the brief of each party is: "Are appellee landlords entitled, under the terms and conditions of the lease in question, to the present possession of the premises described in such lease?" Considering the stipulated and agreed facts and what has been said above, the answer to the question is, No.

The remedy by summary proceedings in ejectment is restricted to those cases expressly provided by G.S. 42-26. The proceeding should be dismissed as in case of nonsuit. *Howell v. Branson,* 226 N.C. 264, 37 S.E. 2d 687.

The judgment below is
Reversed.