NORMAN K. STANLEY AND EVELYN B. STANLEY v. ELIZA HARVEY

No. 8710DC703

(Filed 21 June 1988)

1. **Landlord and Tenant § 13.1; Ejectment § 4— summary ejectment—notice to vacate—insufficient to terminate lease**

   The trial court should have denied lessors' claim for summary ejectment where the lessors' letter requesting lessee to vacate was insufficient to comply with the terms of the lease allowing lessors to terminate lessee's estate, and no statutory forfeiture under N.C.G.S. § 42-3 was otherwise implied. N.C.G.S. § 42-26.

2. **Landlord and Tenant § 14— summary ejectment—appeal—amount of rent in-crease paid to clerk—return to lessee**

   Lessors were not entitled to all rent paid to the court in excess of the original rent as a condition of appeal in a summary ejectment action where, at the time lessors allegedly notified lessee of a rent increase, the lease had automatically converted to a month-to-month tenancy with the same terms and conditions as during the original lease terms; the lessee never agreed to any rent increase; the lease expressly provided that its terms and conditions, including rent, would continue during the extension period; the lease did not permit lessors' unilateral modification of any provision of the lease; and lessors' only recourse was to terminate the lease, which was not done.

APPEAL by defendant from *Creech (William A.), Judge.* Order entered 19 March 1987 in District Court, WAKE County. Heard in the Court of Appeals 5 January 1988.

*Lawrence F. Mazer for plaintiff-appellees.*

*East Central Community Legal Services, by Augustus S. Anderson Jr., for defendant-appellant.*

GREENE, Judge.

Defendant-lessee appeals from an order ejecting her from properties she leased from plaintiff-lessors and awarding lessors certain bond monies. The evidence tends to show lessors and lessee executed a written lease agreement on 25 January 1980. Although the original term of the lease expired on 24 January 1981, the lease provided that the terms and conditions of the lease would "automatically" continue after the original term on a month-to-month basis. Other than allowing lessors to modify the rent or other provisions should lessee offer to renew the lease for a longer term, the lease did not provide for any unilateral modification of the lease during the automatic extension period. The lease did provide that either party could terminate the lease during the extension period upon thirty days' notice. Furthermore, if lessee breached the lease during this period, lessors could terminate the lease upon one day's notice.

After the original term ended, lessors notified lessee in July 1981 that the rent would increase from the original $239.00 per month to $282.00; however, lessee continued to pay, and lessors accepted, the original rental amount for almost one year thereafter. On 12 January 1982, lessors also notified lessee that she had violated the lease since she allegedly had more occupants living with her on the premises than were permitted under the lease. Lessee denied any default as she contended that the occupancy provision had been expressly waived by lessors. Despite the 12 January 1982 letter, lessors continued to accept the original rental amount provided by the original lease until 16 July 1982 when lessors notified lessee in writing that:

> Due to your default and failure to abide by the terms of your lease [the lessors] have elected to request that you vacate the premises by the 24th day of July 1982. Please take this as formal notice that [lessors] desire to take possession of the premises on July 25, 1982.

Lessee refused to vacate the premises and lessors filed a summary ejectment complaint requesting possession of the leased

properties and past due rent. The magistrate granted judgment for lessors and lessee appealed to the district court. As allowed under N.C.G.S. Sec. 42-34(b) (1984), the Clerk permitted lessee to stay execution so long as she paid into court the disputed rental amount of $282.00 each month the matter was pending. In district court, lessors again requested past due rent and ejectment of lessee from the premises based on nonpayment of the increased rent and violation of the provision limiting the number of occupants. Lessee again alleged lessors had waived any default under the lease and asserted lessors were in any event estopped because the lessors' attempted eviction was retaliatory in nature. Lessee also contended lessors' 16 July 1982 notice to "vacate" did not terminate the lease as required before lessors could retake possession under the lease.

The trial court granted lessors possession of the property and ordered the clerk to pay lessors all rent monies collected while the action was pending. However, the court denied lessors' claim for any other past due rent arising from lessors' July 1981 demand for increased rent. Lessee appeals.

---

The issues presented are: I) as the relevant provisions of the summary ejectment statute allow ejectment only when the lessee's estate has first "ceased," whether lessors' 16 July 1982 letter requesting lessee to "vacate" terminated lessee's leasehold estate; and II) whether lessee is entitled to a refund of rent paid into court in excess of the rent required under the original lease.

I

[1] Section 42-26 allows the remedy of summary ejectment in only the following cases: "(1) When a tenant in possession of real estate holds over after his term has expired; (2) when the tenant . . . has done or omitted any act by which, according to the stipulations of the lease, his estate has ceased; (3) when any tenant or lessee of lands [who owes rent or has granted a lien on his crop] deserts the demised premises . . ." N.C.G.S. Sec. 42-26 (1984). Under Subsection (2), a breach of the lease cannot be made the basis of summary ejectment unless the lease itself provides for termination by such breach or reserves a right of reentry for such breach. *Morris v. Austraw*, 269 N.C. 218, 222, 152 S.E. 2d 155, 159 (1967). Conversely, statutory forfeitures under Section

42-3 are not implied where the lease itself provides for termination upon nonpayment of rent. *Compare* N.C.G.S. Sec. 42-3 (1984) (implying forfeiture upon failure to pay rent within ten days after demand) *with Morris*, 269 N.C. at 222, 152 S.E. 2d at 158-59 (Section 42-3 implies forfeiture only where lease is "silent" on forfeiture for nonpayment of rent). Furthermore, the parties' lease may require a notice of termination that differs both in type and extent from that allowed under Section 42-14. *Compare* N.C.G.S. Sec. 42-14 (1984) (month-to-month tenancy may be terminated by seven days' "notice to quit") *with Cherry v. White-hurst*, 216 N.C. 340, 343, 4 S.E. 2d 900, 902 (1939) (Section 42-14 does not prevent agreement for different notice since provisions are permissive).

The instant lessee was not holding over after the expiration of her term but instead remained in possession under the automatic extension provisions of the original lease; furthermore, this is not an agricultural lease. Thus, this is not a case for summary ejectment under either subsections (1) or (3) of Section 42-26. Instead, lessors could bring this action for summary ejectment only if lessee's estate had "ceased" under Section 42-26(2). The dispositive provision of the lease reads:

> If the Lessee shall fail to pay any installment of rent when due and payable or to perform any of the other conditions as herein provided, such failure shall *at the option of the Lessor, terminate this lease* and upon one days notice to the Lessee the Lessor may *without further notice or demand* reenter upon and take possession of said premises without prejudice to other remedies, the Lessee hereby expressly waiving all the legal formalities. *If Lessee defaults* on lease conditions herein or is evicted for non-payment of rent, *this action shall not void this lease* and Lessee shall be held liable and agrees to pay any lost rent, late payment charges, bad check charges, damages, and cost of advertising house or apartment at one dollar ($1.00) per day. [Emphasis added.]

Lessee argues the exercise of lessors' "option" to terminate required lessors to notify lessee that the lease had terminated before lessors could "without further notice or demand" re-take possession. Lessee contends the 16 July 1982 notice did not terminate the lease as required but merely requested lessee to

"vacate" the premises. As lessee's leasehold interest did not automatically terminate upon lessee's breach and as lessors allegedly did not properly terminate the lease, lessee contends there is no basis for summary ejectment under Section 42-26(2).

We agree. Our courts do not look with favor on lease forfeitures. *Couch v. ADC Realty Corp.*, 48 N.C. App. 108, 114, 268 S.E. 2d 237, 242 (1980). When termination of a lease depends upon notice, the notice must be given in strict compliance with the contract as to both time and contents. *See* 49 Am. Jur. 2d *Landlord and Tenant* Sec. 1048 (1970) (where lessor must exercise option to terminate, lessor's declaration of forfeiture must be unequivocal and decisive). The lease here provided that lessee's breach would not automatically "void" the lease: lessee's breach would instead give lessors the option to "terminate" the lease. However, lessors' written notice merely stated lessors "elected to request that [lessee] vacate the premises" on 24 July 1982. While Section 42-17 permits termination of month-to-month tenancies upon a seven-day "notice to quit," lessors and lessee agreed to a different type of notice and a different period of notice. Aside from the arguably less-than-unequivocal "request" that lessee vacate, nowhere does the notice state that lessors have elected to "terminate" the lease as required under the contract. This was not a clear and unequivocal notice that the lease was terminated since lessee could reasonably believe lessors were requesting that she vacate without terminating the lease. Lessee could have arguably refused such a request since the lease did not provide for any automatic right of re-entry.

Accordingly, lessors' letter requesting lessee to vacate was insufficient to comply with the terms of the lease allowing lessors to terminate lessee's estate. As no statutory forfeiture under Section 42-3 was otherwise implied under these circumstances, we conclude lessors had not terminated lessee's estate before commencing this summary ejectment action. As the summary ejectment remedy is restricted to those cases expressly covered by Section 42-26, *Morris*, 269 N.C. at 223, 152 S.E. 2d at 159, we hold the court should have denied lessors' claim for summary ejectment.

As we have determined that lessors had no authority under the lease to proceed with this summary ejectment action, we find it unnecessary to address any other assignment of error raised by lessee other than that stated below.

**Stanley v. Harvey**

## II

[2]  Lessee next argues that the court should have ordered the Clerk to refund to her all rent paid to the court in excess of the original rent of $239.00 per month. At the time lessors allegedly notified lessee the rent was being increased to $282.00 per month, the lease had automatically converted to a month-to-month tenancy with the same terms and conditions as during the original lease term. Neither before or after the institution of the summary ejectment action did lessee agree to any rent increase. Instead, she merely paid the increased rent as a condition of her appeal. Since the lease expressly provided that its terms and conditions —including rent—would automatically continue during the extension period and as lessee had not offered to renew the lease for a longer period, the lease did not permit lessors' unilateral modification of any provision of the lease during the automatic extension period. Accordingly, lessee was not liable for any increased rent demanded by lessors. If lessee would not agree to a modification of the rent provisions of the lease agreement, lessors' only recourse was to terminate the lease. As we have noted, they did not do this.

Therefore, as respects the bond posted by lessee with the clerk during the pendency of this action, lessors were only entitled to receive from that fund outstanding rent based on the original rental rate. The balance of lessee's bond in excess of that amount was due and payable to lessee. Thus, we vacate the court's judgment insofar as it awarded lessors possession of the leased premises and the entire bond fund posted by lessee. We remand the case for further proceedings consistent with this opinion.

Vacated and remanded.

Judges PARKER and COZORT concur.