CHARLOTTE HOUSING AUTHORITY, PLAINTIFF-APPELLEE v. MARTHA FLEMING, DEFENDANT-APPELLANT

No. COA95-712

(Filed 6 August 1996)

**Housing, and Housing Authorities and Projects § 23 (NCI4th)— resident of public housing—alleged criminal activity of son—son not guest—eviction improper**

The trial court erred in finding that defendant, a resident of public housing, had a guest (her son) who engaged in criminal activity and in ordering her to vacate the premises where the evidence tended to show that on the occasion in question defendant was not aware of the presence of her son in front of her apartment until after he arrived, had not invited him to her apartment in advance, did not extend him any hospitality after becoming aware of his arrival, and did not invite him to participate in any activity; the son was thus not a guest of defendant; and evidence of defendant's activities prior to the date in question was irrelevant.

**Am Jur 2d, Housing Laws and Urban Redevelopment § 33.**

**Due process rights of applicants for low income housing assistance benefits under § 8 of Housing Act of 1937, as amended (41 USCS § 1437f). 66 ALR Fed. 721.**

CHARLOTTE HOUSING AUTHORITY v. FLEMING

[123 N.C. App. 511 (1996)]

Appeal by defendant from order entered 23 February 1995 by Judge H. William Constangy in Mecklenburg County District Court. Heard in the Court of Appeals 4 June 1996.

*Robinson, Bradshaw & Hinson, P.A., by A. Todd Capitano, for plaintiff-appellee.*

*Legal Services of Southern Piedmont, Inc., by Theodore O. Fillette, III, and Deborah A. Nance, for defendant-appellant.*

WYNN, Judge.

Since early 1983, defendant Martha Fleming has rented an apartment in the Savannah Woods complex from the Charlotte Housing Authority ("CHA"). This matter arises from an action started in October 1994 by CHA to evict Ms. Fleming because of the alleged criminal activities of her adult son, Arthur, who did not live with her.

During the evening of 3 October 1994, Officers J.L. Jennings and J.K. Patina observed Arthur and a group of other men standing in the Savannah Woods complex near Ms. Fleming's apartment. Two of the men noticed the police car and attempted to flee. Officer Jennings chased the two men on foot into a wooded area off of the premises of the apartment complex where he saw one of the men throw something into the bushes. A short time thereafter, Officer Jennings apprehended Arthur and charged him with resisting a public official and possession of cocaine with intent to distribute. The record does not indicate that Arthur was ever convicted on any charges stemming from this arrest.

Ms. Fleming testified that during the evening of 3 October, she observed a car light through her window, looked out of that window, and saw Arthur exiting a car. Later, her nephew came into her apartment and informed her that the police were chasing someone. Ms. Fleming then left her apartment and observed her son, already under arrest, being placed in a police car.

Based on the alleged criminal activity of Arthur Fleming, CHA filed a summary ejectment action against Ms. Fleming in Mecklenburg County Small Claims Court, relying on two provisions of her lease which allowed for her eviction if her guests or visitors engaged in criminal activity. The small claims court dismissed the action, finding that CHA had not proved by a preponderance of the evidence that it had grounds to evict Ms. Fleming. CHA appealed for a trial *de novo* to the Mecklenburg County District Court. In an order

dated 23 February 1995, Judge William Constangy found for the CHA, and ordered Ms. Fleming to vacate the premises. From this order, Ms. Fleming appeals.

---

The issue on appeal is whether CHA failed to present sufficient evidence to show that: (I) Arthur was a guest in Ms. Fleming's apartment at the time of his alleged criminal activity, or (II) Arthur was engaged in criminal activity. We reverse on the basis that Arthur was not a guest of Ms. Fleming and therefore do not reach the alternative issue of whether the evidence showed he was engaged in criminal activity.

In order to evict a tenant in North Carolina, a landlord must prove: (1) That it distinctly reserved in the lease a right to declare a forfeiture for the alleged act or event; (2) that there is clear proof of the happening of an act or event for which the landlord reserved the right to declare a forfeiture; (3) that the landlord promptly exercised its right to declare a forfeiture, and (4) that the result of enforcing the forfeiture is not unconscionable. *See, Morris v. Austraw*, 269 N.C. 218, 223, 152 S.E.2d 155, 159 (1967) (quoting 32 Am. Jur., *Landlord and Tenant*, § 848). In addition, "Our courts do not look with favor on lease forfeitures." *Stanley v. Harvey*, 90 N.C. App. 535, 539, 369 S.E.2d 382, 385 (1988).

In the instant case, CHA relied on two provisions of Ms. Fleming's lease which allowed CHA to evict her if her guests engaged in criminal activity. Paragraph 16(f) of the lease states:

> I, all members of my household, our *guests* or visitors and other persons under control of household members, shall not engage in criminal activity, . . . on or near CHA property, while I am a resident in public housing, and such criminal activity shall be cause for termination of the lease . . . .

(emphasis supplied). Paragraph 20(b) states:

> [I]f I, members of my household, our *guests* or visitors, and other persons under our control, engage in criminal activity, including drug-related activities, on or near CHA property, the CHA may end my lease.

(emphasis supplied).

Since CHA sought to evict Ms. Fleming due to the alleged criminal activity of a guest, CHA must show that Arthur was a guest of Ms. Fleming's on 3 October 1994. This it failed to do.

The word "guest" is not defined in Ms. Fleming's lease; accordingly, it should be given its natural and ordinary meaning. *See, Martin v. Ray Lackey Enterprises*, 100 N.C. App. 349, 354, 396 S.E.2d 327, 331 (1990) (holding that the rules governing interpretation of a lease are the same as those governing interpretation of a contract); *E.L. Scott Roofing Co. v. State of N.C.*, 82 N.C. App. 216, 223, 346 S.E.2d 515, 520 (1986) (holding that when a term is not defined in a contract, the presumption is that the term is to be given its ordinary meaning and significance); *Silvers v. Horace Mann Ins. Co.*, 324 N.C. 289, 295, 378 S.E.2d 21, 25 (1989) (holding that contracts are construed against the drafter). Webster's Third New International Dictionary defines "guest" as follows: "a person entertained in one's house, . . . a person to whom *hospitality is extended*, . . . one invited to participate in some activity at the expense of another . . . ." (emphasis supplied).

The uncontroverted evidence in the instant case is that Ms. Fleming was not aware of Arthur's presence in front of her apartment until after he arrived, had not invited him to her apartment in advance, did not extend him any hospitality after becoming aware of his arrival, and did not invite him to participate in any activity. Instead, the evidence shows that Arthur came to Savannah Woods of his own volition, met with Lenon Smith, and possibly others, and did not speak with Ms. Fleming until after he was arrested. In addition, there was uncontroverted evidence that Arthur often visited Savannah Woods without stopping to see Ms. Fleming.

CHA nonetheless contends that the trial court properly labeled Arthur as a guest because there was evidence that: (1) Ms. Fleming had on a past occasion allowed her apartment to be used as a refuge for those suspected of criminal activity; (2) Lenon Smith, the man arrested with Arthur on 3 October 1994, was arrested in front of Ms. Fleming's apartment in the prior week, and retrieved his identification from Ms. Fleming's apartment; (3) Ms. Fleming had previously interfered with the Police Department's efforts to alleviate the drug problem in Savannah Woods; (4) following his arrest, Arthur called Ms. Fleming to ensure that she looked after his car; and (5) Ms. Fleming is Arthur's mother, a close relative.

We find that this evidence is not relevant in determining whether Arthur was a guest of Ms. Fleming's on 3 October 1994. Instead, the relevant question is whether Arthur met the definition of a guest of Ms. Fleming when he visited Savannah Woods on that date. The evi-

dence in this case fails to show that Ms. Fleming either invited Arthur to Savannah Woods on 3 October, or acted in any way to extend him hospitality once he arrived. Accordingly, we conclude that the record does not support the conclusion that Arthur was a guest of Ms. Fleming's on that date.

For the foregoing reasons, the order of the trial court is,

Reversed.

Judges EAGLES and SMITH concur.