CRABTREE AVENUE INVESTMENT GROUP, LLC, Plaintiff v. STEAK AND ALE OF NORTH CAROLINA, INC., Defendant

No. COA04-786

(Filed 19 April 2005)

**Landlord and Tenant— breach of lease—ejectment—notice— default**

The trial court did not err in a breach of lease and ejectment action by granting summary judgment in favor of plaintiff landlord, because: (1) the lease in the instant case did not require any notice of termination; (2) the only written notice required prior to lease termination was the 10-day advance notice of rent nonpayment, and plaintiff had no subsequent obligation to declare in writing that the lease was in default prior to effecting termination; and (3) defendant's alleged inability to tender payment without having record of a Form W-9 signed by plaintiff was in fact due to an internal company policy which was not an event beyond defendant's control.

Appeal by defendant from an order entered 9 March 2004 by Judge Shelley H. Desvousges in Wake County District Court. Heard in the Court of Appeals 12 January 2005.

CRABTREE AVE. INV. GRP., LLC v. STEAK & ALE OF N.C., INC.

[169 N.C. App. 825 (2005)]

*Hutson Hughes & Powell, P.A., by James H. Hughes and James S. Staton, for defendant-appellant.*

*Manning, Fulton & Skinner, P.A., by Michael S. Harrell, for plaintiff-appellee.*

ELMORE, Judge.

Steak and Ale of North Carolina, Inc. (defendant) appeals an order of summary judgment entered in favor of Crabtree Avenue Investment Group, LLC (plaintiff). We affirm.

Defendant owns and operates a restaurant located at 4420 Creedmoor Road in Raleigh. Defendant has been in possession of the property since the execution of a commercial lease with the landlord in December 1977, and plaintiff is a successor-in-interest to this lease.

Prior to plaintiff's acquisition of the property, defendant paid its September 2003 monthly rent. The previous landlord, David E. Rodger, sold the property to plaintiff on 15 September 2003. On this same day, Mr. Rodger mailed a letter to defendant informing it that he had conveyed the property to plaintiff. The letter requested that defendant send future rent checks to plaintiff's address at "8410 Falls of the Neuse Road, Suite C, Raleigh, NC 27615." This letter did not contain a contact telephone or fax number for plaintiff.

On 19 September 2003, defendant mailed two letters to plaintiff at the address stated in Mr. Rodger's letter. In this correspondence, defendant requested that plaintiff fill out an attached IRS Form W-9 and provide a copy of the document transferring the interest in the property to plaintiff. Both letters were returned to defendant unopened, with a notation of "F.O.E." (forwarding order expired) on the envelope. Defendant did not pay October 2003 rent to either Mr. Rodger or plaintiff.

On 30 October 2003, plaintiff mailed a letter via certified mail, return receipt requested, to defendant. In this letter, plaintiff stated that October rent had not been received; that November rent was currently due; and that pursuant to the lease agreement, rents are due on the first of the month. The letter provided a contact phone and fax number and specified plaintiff's address as "8410 Falls of Neuse Road—Suite C, Raleigh, NC 27615." Defendant received this letter on 4 November 2003.

On 5 November 2003, defendant transmitted by fax a request for a signed Form W-9 and a copy of the deed transferring title of the

property to plaintiff. Defendant stated that it needed this information in order to process the payments due.[1] Plaintiff responded to defendant's fax request in a letter dated 7 November 2003 and attached a copy of the deed granting title to plaintiff and a completed Form W-9. When defendant failed to pay rent by 17 November 2003, more than 10 days after notice of non-receipt, plaintiff terminated the lease on this day via a letter from its legal counsel.

On 26 November 2003, defendant tendered rental payments for the months of October, November, and December. Plaintiff returned these checks to defendant and filed a complaint in summary ejectment in the district court of Wake County on 4 December 2003. In the complaint, plaintiff alleged the breach of defendant as, "Failure to pay rent after demand within ten days. Lease terminated on November 17, 2003." The district court entered judgment for plaintiff in the amount of $7,235.01, the amount of rent due for the months of October, November, and December. Defendant filed notice of appeal from this judgment and order of ejectment, and plaintiff filed a motion for summary judgment with respect to defendant's appeal. The district court heard the summary judgment motion on 20 February 2004, and the court issued an order granting the motion on 5 March 2004.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2004). In reviewing the grant of a motion for summary judgment, this Court must review the evidence in the light most favorable to the non-moving party. *See Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000).

Defendant challenges the summary judgment order on the basis that the notice of default was insufficient for termination of the parties' lease. After reviewing the lease terms and the substance of plaintiff's notice to defendant, we cannot agree.

The leasing contract between defendant and plaintiff provides that "[u]pon the occurrence of any Event of Default, Landlord shall

---

1. Defendant did not assert, nor does it argue on appeal, that the W-9 taxpayer identification information was legally required prior to defendant's tender of rent monies. Defendant is not required to report plaintiff's taxpayer information prior to making payments, but must report the rent payments made to plaintiff and plaintiff's Taxpayer Identification Number when it files an information return for that taxable year. *See* 26 U.S.C. § 6041 (2004).

have the option to pursue any one or more of the following remedies *without any notice or demand whatsoever . . .*" (emphasis added). The remedies include, *inter alia,* termination of the lease agreement. One of the events listed as an "Event of Default" is the tenant's failure to pay rent past due within 10 days of written notice from the landlord. The contract specifies that the notice is deemed to be delivered "when deposited in the United States mail, postage prepaid, certified or registered, return receipt requested[.]" In the 30 October letter, sent by certified mail with return receipt requested, plaintiff informed defendant that October rent was past due and that rents are due on the first of the month and must be paid within 10 days of notice of non-receipt.

In support of its argument that plaintiff's 30 October letter failed to provide adequate notice of default, defendant relies upon *ARE-100/800/801 Capitola, LLC v. Triangle Labs, Inc.*, 144 N.C. App. 212, 550 S.E.2d 31 (2001). However, that case is distinguishable on its facts. There, the parties' lease contract provided that an event of default included the tenant's failure to pay rent within three business days of receiving notice that rent was past due. *Id.* at 214, 550 S.E.2d at 33. Upon the occurrence of an event of default, the landlord could exercise one of the following options under the contract: re-entering the property, terminating the lease, or *terminating the tenant's possession of the property.* Notably, the lease agreement required that the landlord give written notice of which remedy it was pursuing prior to taking the action. However, plaintiff-landlord's written notice to defendant-tenant following default did not specify *which* remedy plaintiff was pursuing. Instead, plaintiff merely stated that it would be initiating "curative remedies under the Lease and the law." *Id.* at 215, 550 S.E.2d at 33. This Court held that the notice of lease termination was insufficient under the contract because plaintiff failed to indicate which of the three options it had chosen to exercise. The Court emphasized that written notification of the termination of a lease must be given "in strict compliance with the [leasing] contract as to both time and contents." *Id.* at 219, 550 S.E.2d at 35 (quoting *Stanley v. Harvey,* 90 N.C. App. 535, 539, 369 S.E.2d 382, 385 (1988)).

In contrast, the lease in the instant case did not require *any* notice of termination. Rather, plaintiff could effectively terminate the lease *without notice* following defendant's failure to pay rent within 10 days of written demand for rent past due. Thus, the only written notice required prior to lease termination was the 10-day advance notice of rent non-payment. Plaintiff has no subsequent obligation to declare in writing that the lease is in default prior to effecting termi-

nation. Therefore, this Court's analysis in *Capitola* of the specificity of a termination notice is inapplicable here.

Defendant also asks this Court to consider that it did not have plaintiff's W-9 tax documentation prior to the time when October and November rents became due. Defendant points to the "force majeure" provision in the parties' lease, which allows an extension of time for performance by the tenant when the tenant's ability to perform its obligations under the lease are delayed due to a cause beyond the tenant's control. Defendant contends that the delay in receiving the W-9 information from plaintiff constituted an event beyond defendant's control which resulted in its inability to make timely rent payments in accordance with the contract.

Our review of the record establishes that defendant's alleged inability to tender payment without having record of a Form W-9 signed by plaintiff is in fact due to an internal company policy. An internal accounting policy of defendant mandating receipt of this information prior to releasing the rent monies is not an event beyond defendant's control.

As there is no genuine issue of material fact and plaintiff is entitled to judgment as a matter of law, we affirm the court's order granting summary judgment to plaintiff.

Affirmed.

Judges McCULLOUGH and LEVINSON concur.