TIMBER RIDGE, Plaintiff v. YUMEKA CALDWELL, Defendant

No. COA08-689

(Filed 17 February 2009)

**Landlord and Tenant— summary ejectment—federally subsidized lease—proper notice not given**

The trial court erred by granting a summary ejectment where plaintiff checked a box on the complaint indicating that defendant's lease was federally subsidized, and there was no evidence in the record that plaintiff complied with federal regulations by providing a proper Notice of Termination.

Appeal by defendant from judgment entered 18 February 2008 by Judge Thomas F. Moore, Jr. in Mecklenburg County District Court. Heard in the Court of Appeals 3 December 2008.

*Caudle & Spears, P.A., by Natalie D. Potter and Christopher J. Loebsack, for plaintiff-appellee.*

*Legal Aid of North Carolina, Inc., by Chad Crockford, Theodore O. Fillette, and Linda S. Johnson, for defendant-appellant.*

BRYANT, Judge.

Yumeka Caldwell (defendant) appeals from an order entered 18 February 2008 removing defendant and placing Timber Ridge Apartments (plaintiff) in possession of an apartment located at 7203B Barrington Drive, Charlotte, North Carolina. We reverse.

*Facts*

Defendant and her two children began residing in an apartment owned by plaintiff on 17 April 2007. On 30 August 2007, Officer Fishbeck was dispatched to defendant's apartment because of drug complaints by the apartment manager. Upon arrival, Officer Fishbeck knocked on the door and when defendant answered the door, advised defendant of the reason he was there and requested defendant's consent to search the apartment. Defendant consented.

Plaintiff filed a Complaint in Summary Ejectment on 21 November 2007 and a judgment was announced in favor of plaintiff on that date. Defendant filed a written notice of appeal to district court on 17 December 2007.

At the district court hearing on 18 December 2007, Officer Fishbeck testified multiple clear plastic baggies that had the corners torn off of them were located in defendant's apartment on 30 August 2007. Also located in the apartment was a torn plastic baggie containing traces of marijuana. Officer Fishbeck stated he issued defendant a citation for possession of drug paraphernalia and notified the management of Timber Ridge Apartments of the citation. However, at the time of the hearing, defendant had not been convicted of possession of drug paraphernalia.

Defendant offered testimony in opposition to plaintiff's evidence and stated the plastic baggie the officer showed her after searching the apartment on 30 August 2007 did not contain any traces of marijuana. Defendant also denied having multiple plastic baggies in her apartment, and stated that she had not been convicted of possession of drug paraphernalia.

On 18 February 2008, the district court entered judgment requiring defendant be removed from and plaintiff put into possession of the premises described in the complaint. Defendant appeals.

---

On appeal, defendant argues the trial court erred by: (I) failing to require plaintiff to prove defendant was provided adequate termination notice in compliance with applicable federal law; (II) failing to require that plaintiff prove defendant breached the lease agreement or was holding over beyond the end of the lease agreement; and (III) denying defendant's motion to dismiss at the close of plaintiff's evidence.

*I*

Defendant argues the trial court erred by failing to require plaintiff to prove defendant was provided adequate termination notice as required by 24 C.F.R. § 247.4. We agree.

Pursuant to 24 C.F.R. § 247.4 (a) (2008), prior to terminating the lease agreement of a tenant in a federally subsidized housing project, a landlord must provide notice to the tenant in the following manner:

(a) Requisites of Termination Notice. The landlord's determination to terminate the tenancy shall be in writing and shall: (1) State that the tenancy is terminated on a date specified therein; (2) state the reasons for the landlord's action with enough specificity so as to enable the tenant to prepare a defense; (3) advise

the tenant that if he or she remains in the leased unit on the date specified for termination, the landlord may seek to enforce the termination only by bringing a judicial action, at which time the tenant may present a defense; and (4) be served on the tenant in the manner prescribed by paragraph (b) of this section.

*Id.*

"[A] tenant in a federally subsidized low-income housing project enjoys substantial procedural due process rights under the Fifth and Fourteenth Amendments." *Goler Metropolitan Apartments, Inc. v. Williams,* 43 N.C. App. 648, 650, 260 S.E.2d 146, 148 (1979). The tenant has an entitlement to continued occupancy and cannot be evicted until certain procedural protections, such as notice, have been given to the tenant. *Id.* "Our courts do not look with favor on lease forfeitures." *Stanley v. Harvey,* 90 N.C. App. 535, 539, 369 S.E.2d 382, 385 (1988). "When termination of a lease depends upon notice, the notice must be given in strict compliance with the contract as to both time and contents." *Lincoln Terrace Assocs., Ltd. v. Kelly,* 179 N.C. App. 621, 623, 635 S.E.2d 434, 436 (2006) (quotations omitted).

Here, no copy of the lease agreement was submitted into evidence. Plaintiff contends no evidence was submitted by either party that defendant's lease was federally subsidized and therefore entitled to the protections afforded tenants of federally subsidized housing. However, a review of plaintiff's Complaint in Summary Ejectment reveals plaintiff indicated by checking a box on the pre-printed form that defendant's lease was subsidized by the Section 8 housing program.[1] Thus we conclude defendant's lease was entitled to the protections afforded tenants of federally subsidized housing. As such, plaintiff was required to comply with 24 C.F.R. § 247.4.

In *Lincoln Terrace,* the plaintiff failed to submit a copy of the Notice of Termination. 179 N.C. App. at 624, 635 S.E.2d at 436. The only evidence presented that a Notice of Termination had been issued to the defendant was testimony presented on behalf of the plaintiff by the apartment manager. *Id.* Although the trial court had granted summary ejectment on the plaintiff's behalf, this Court reversed the judgment of the trial court because there was no evidence in the record to support a finding that a Notice of Termination had been properly issued. *Id.* at 628, 635 S.E.2d at 438.

---

1. Section 8 of the United States Housing Act of 1937, as amended in 1974, establishes the federally subsidized housing assistance payments program commonly referred to as the Section 8 program. *See* 42 U.S.C.A. § 1437f (2008).

**MOSES H. CONE MEM'L HOSP. OPERATING CORP. v. HAWLEY**

[195 N.C. App. 455 (2009)]

In the present case, defendant argued during the hearing that plaintiff failed to provide a notice of lease termination in compliance with the requirements of 24 C.F.R. § 247.4. Specifically, defendant argued the notice of lease termination did not provide defendant with sufficient detail to enable defendant to prepare a defense. A review of the transcript indicates no notice of termination was entered into the record. Also, no copy of plaintiff and defendant's lease agreement was entered into the record. The only indication that a termination notice had been issued was the testimony of Ms. English, the property manager, that a termination notice was issued to defendant.

As in *Lincoln Terrace,* there is no evidence in the record in the present case that plaintiff complied with the requirements of 24 C.F.R. § 247.4 by providing a proper Notice of Termination. Therefore, the trial court's grant of summary ejectment was in error and must be reversed. Because of our holding, we need not address defendant's remaining assignments of error. *See Lincoln Terrace,* 179 N.C. App. at 628, 635 S.E.2d at 438 (declining to reach appellant's remaining arguments when grant of summary ejectment held in error and reversed because evidence was insufficient to establish a proper Notice of Termination had been issued).

Reversed.

Judges McGEE and GEER concur.