DURHAM HOSIERY MILL LIMITED PARTNERSHIP, Plaintiff v.
INEZ MORRIS, Defendant

No. COA11-515

(Filed 20 December 2011)

**1. Landlord and Tenant—summary ejectment—burden of persuasion**

The trial court erred in a summary ejectment action by requiring plaintiff to establish a breach of the lease agreement by clear, cogent, and convincing evidence rather than by the preponderance of the evidence. On remand, the trial court may, in its discretion, receive additional evidence.

**2. Appeal and Error—preservation of issues—waiver—considered on remand**

The waiver issue was not reached in a summary ejectment action because the trial court applied the wrong burden of persuasion on the issue of breach of the lease agreement. On remand, the trial court should consider defendant's affirmative defense of waiver applying the appropriate burden of proof.

Appeal by plaintiff from judgment entered 29 November 2010 by Judge Marcia H. Morey in Durham County District Court. Heard in the Court of Appeals 12 October 2011.

*The Banks Law Firm, P.A., by Adam M. Shestak, for plaintiff-appellant.*

*Legal Aid of North Carolina, Inc., by Roger M. Cook, Terry C.J. Reilly, Theodore O. Fillette, III, and Andrew Cogdell, for defendant-appellee.*

STEELMAN, Judge.

In a summary ejectment action, the plaintiff's burden of persuasion is by the preponderance of the evidence as set forth in N.C. Gen. Stat. § 42-30. The trial court erred in requiring the plaintiff to prove its case by clear, cogent, and convincing evidence.

## I. Factual and Procedural Background

Durham Hosiery Mill Limited Partnership ("DHM") owns and operates the Durham Hosiery Mill Apartments (the "Apartments"), a

section 8 housing community in Durham, North Carolina. Defendant Inez Morris leases and lives in Unit 251-D (the "Unit") at the Apartments under the terms of a written lease agreement (the "Lease Agreement"). Under the terms of the Lease Agreement, DHM may terminate the lease if Morris permits anyone to "reside" in the Unit without securing prior permission from DHM. Beginning in September of 2009, DHM began to suspect that Morris's grandson, Jarrell Gadsen, and her daughter, April Green, were residing at the Unit. Morris had not sought permission for Gadsen and Green to reside there. After complying with the required notice requirements, DHM commenced a summary ejectment action in the small claims court of Durham County on 12 February 2010. DHM continued to accept rent payments from Morris through May of 2010.

Following a hearing, the magistrate dismissed DHM's complaint on 25 February 2010. DHM appealed to district court for a trial *de novo*. Morris's evidence at trial was that Gadsen and Green were spending most of the day at the Unit, but not sleeping there. Evidence presented at trial indicated Gadsen and Green were seen at the apartment during all hours of the day and night. Both were seen at the complex in one set of clothes and then leaving the complex later in a different set of clothes. Green testified that five days a week, she and Gadsen would be dropped off at her mother's residence around 6:00 a.m. and would be picked up around 11:15 p.m. Green was seen in sleepwear on several occasions. A DHM employee indicated video footage showed Gadsen and Green entering the Unit at night and not exiting the Unit until the next morning. The testimony of Morris and Green at trial conflicted with their previous answers to interrogatories. Mail addressed to Green was delivered to her at the Unit.

The trial court concluded that neither Gadsen nor Green resided at the Unit and that Morris was not in material breach of the lease. The trial court announced its decision in open court, and on 29 November 2010, filed a written judgment setting forth findings of fact and conclusions of law. This judgment dismissed the summary ejectment action. In its written order, the trial court also concluded that, while DHM had knowledge of Morris's alleged breach during the time it had accepted her lease payments, DHM did not waive its right to terminate the lease.

DHM appeals.

## II. Standard of Review

A trial court's findings of fact are binding on appeal if supported by competent evidence. *CDC Pineville, LLC v. UDRT of N.C.*, LLC, 174 N.C. App. 644, 650, 622 S.E.2d 512, 517 (2005). Unchallenged findings of fact are also binding on appeal. *Id.* However, we review questions of law *de novo. Id.*

## III. Burden of Persuasion in Summary Ejectment Cases

[1] DHM argues that the trial court incorrectly required it to establish a breach of the Lease Agreement by clear, cogent, and convincing evidence. We agree.

### A. Burden of Persuasion Applied by the Trial Court

The trial court's judgment does not state the plaintiff's burden of persuasion that was applied below.[1] In open court, the trial court announced its reasoning and decision:

> After hearing all the evidence and all the testimony, there are things that are very questionable about a lot of building blocks add [sic] up to have the appearance that your daughter and your grandson may have been living there. *I don't have it beyond clear and cogent,* [sic] *convincing evidence that they were, in fact, living there.*

> Your daughter's testimony, almost every day of the week they were bringing Jarell in to go to school. They appear at Durham Hosiery about 5:30 to 6:00 in the morning. They stay until eleven o'clock at night. Housing Authority almost had videotapes, but those are not here. We couldn't see them. We heard the evidence of Mr. Moranski that testified the things he saw [sic], *but it's not clear and convincing to me that they were residing there overnight,* which would be against the contract of your tenancy with them.

---

1. The term "burden of proof" "includes both the *burden of persuasion* and the *burden of production*." Black's Law Dictionary 223 (9th ed. 2009). The burden of persuasion refers to "[a] party's duty to convince the fact-finder to view the facts in a way that favors that party." *Id.* At times, however, courts refer to the burden of proof when they are actually discussing the burden of persuasion. *See id.* This distinction has been articulated in this jurisdiction, although at times North Carolina authorities refer to the burden of production as the "burden of going forward." *See* N.C. Gen. Stat. § 8C-1, Rule 301 (2009) (indicating the "burden of persuasion" and the "burden of going forward" are subsets of the "burden of proof"). For further discussion on this point, *see Scarborough v. Dillard's, Inc.*, 363 N.C. 715, 729–30, 693 S.E.2d 640, 648–49 (2009) (Timmons-Goodson, J., dissenting) (compiling authorities and discussing this distinction).

**DURHAM HOSIERY MILL FLTD. P'SHIP v. MORRIS**

[217 N.C. App. 590 (2011)]

It is a close case though. I do have concerns. I have concerns that the mail was there. I have concerns about the tax return. I have concerns that Ms. Green used the Durham address to get benefit [sic] for Durham residents at the CET training. I have concerns that just yesterday we got a new answer to the interrogatories that listed more addresses.

It's a senior citizen establishment. I never heard much evidence about that, but I think they are trying to enforce very strictly the terms and the covenants and the conditions of people who live there and not for them to be in jeopardy of violating any HUD requirements because they're on the line to have all that taken away from the federal benefits [sic].

So after hearing everything, *I need to find convincingly that you're in breach of the lease agreement* by allowing people not on the contract to reside with you. I don't find that, so I'm not going to order the eviction. I do not find you're living there. I think you were there, your grandson was there a considerable amount of time [sic]. But I think the findings I would have to find is [sic] that you were there at least over 14 calendar days spending the night. I don't have it. (Emphasis added.)

The general rule is that the trial court's written order controls over the trial judge's comments during the hearing. *See Fayetteville Publ'g Co. v. Advanced Internet Techs, Inc.*, 192 N.C. App. 419, 425, 665 S.E.2d 518, 522 (2008). However, where the judgment is devoid of any statement of the burden of persuasion applied by the trial court; the trial court unequivocally stated that it was holding DHM to a clear, cogent, and convincing burden of persuasion; and the court also stated that this burden was critical to its decision, we must conclude that the trial court applied that standard.

### B. The Plaintiff's Burden of Persuasion

N.C. Gen. Stat. § 42-25.6 (2009) provides that residential tenants may only be evicted in accordance with the procedures set forth in Chapter 42, Articles 3 and 7.[2] Article 3 governs summary ejectment in the instant case. A tenant may be removed in a summary ejectment action when the tenant has "done or omitted any act by which, according to the stipulations of his lease, his estate has ceased." *Id.* § 42-26(a)(2). Article 3 provides for an initial hearing before a magis-

---

2. Article 7 provides for the expedited procedure for evicting drug traffickers and other criminals. Article 7 does not apply to this case.

trate. *See id.* § 42-31 ("If the defendant by his answer denies any material allegation in the oath of the plaintiff, the magistrate shall hear the evidence and give judgment as he shall find the facts to be.").

> [I]f (i) the plaintiff *proves his case by a preponderance of the evidence,* (ii) the defendant admits the allegations of the complaint, or (iii) the defendant fails to appear on the day of court, and the plaintiff requests in open court a judgment for possession based solely on the filed pleadings where the pleadings allege defendant's failure to pay rent as a breach of the lease for which reentry is allowed and the defendant has not filed a responsive pleading, the magistrate shall give judgment that the defendant be removed from, and the plaintiff be put in possession of, the demised premises; and if any rent or damages for the occupation of the premises after the cessation of the estate of the lessee, not exceeding the jurisdictional amount established by G.S. 7A-210(1), be claimed in the oath of the plaintiff as due and unpaid, the magistrate shall inquire thereof, and if supported by a preponderance of the evidence, give judgment as he may find the fact to be.

*Id.* § 42-30 (emphasis added). This statute, requiring the plaintiff to "prove[] his case by a preponderance of the evidence," establishes the burden of persuasion in summary ejectment actions brought before a magistrate.

The nonprevailing party may appeal the magistrate's decision to the district court for a trial *de novo. See id.* § 42-34; *id.* § 7A-228. In the absence of law stating that the burden of persuasion at the trial *de novo* should be different, the district court must apply the same standard as the magistrate. *Cf. Joyner v. Garrett,* 279 N.C. 226, 236, 182 S.E.2d 553, 560 (1971) (stating that the burden of proof in a trial *de novo* remains on the party that shouldered that burden in the original proceeding). We hold that, on appeal from a magistrate's summary ejectment ruling, the landlord must establish the alleged breach of the lease by a preponderance of the evidence.

In her brief, Morris appears to concede the applicable burden of persuasion in a summary ejectment action is the preponderance-of-the-evidence standard, Def.'s Br. 9, but then goes on to argue that a summary ejectment plaintiff must satisfy a "remedial standard" imposed by *Morris v. Austraw,* 269 N.C. 218, 152 S.E.2d 155 (1967), and *Charlotte Housing Authority v. Fleming,* 123 N.C. App. 511, 473 S.E.2d 373 (1996). She asserts that a "landlord must prove by prepon-

derance of the evidence that it had clear proof of the acts or omissions of the tenant which constitute the breach of the lease." Def.'s Br. 12. The standard Morris asks us to adopt creates a more stringent burden of persuasion than is set forth in N.C. Gen. Stat. § 42-30. Our review of *Austraw* and *Fleming* reveals that our courts have not adopted a burden of persuasion more stringent than that found in N.C. Gen. Stat. § 42-30.

"[I]n North Carolina, a preponderance of the evidence quantum of proof applies in civil cases unless a different standard has been adopted by our General Assembly or approved by our Supreme Court." *Adams v. Bank United of Tex. FSB*, 167 N.C. App. 395, 401, 606 S.E.2d 149, 154 (2004) (citing *In re Thomas*, 281 N.C. 598, 603, 189 S.E.2d 245, 248 (1972); N.C. Gen. Stat. § 7B-805 (2003)). This Court has applied this rule in the face of valid reasons for adopting a higher standard of proof. *See id.* at 402, 606 S.E.2d at 154. The language in *Austraw* that Morris relies on is clearly *dicta*, and the Court of Appeals panel in *Fleming*, which relied upon *Austraw*, could not have modified the burden of persuasion, based upon *dicta* of the Supreme Court, to be more stringent than that provided by statute.

In *Austraw*, a summary ejectment case, the Supreme Court held that the lease in question did not provide that the defendant's leasehold estate would terminate upon his breach of a particular lease provision. 269 N.C. at 223, 152 S.E.2d at 159. Before reaching this conclusion, the Court noted that the following statement of law was found in an American Jurisprudence:

> Generally, unless there is an express stipulation for a forfeiture, the breach of a covenant in a lease does not work a forfeiture of the term. Moreover, the settled principle of both law and equity that contractual provisions for forfeitures are looked upon with disfavor applies with full force to stipulations for forfeitures found in leases; such stipulations are not looked upon with favor by the court, but on the contrary are strictly construed against the party seeking to invoke them. As has been said, the right to declare a forfeiture of a lease must be distinctly reserved; *the proof of the happening of the event on which the right is to be exercised must be clear*; the party entitled to do so must exercise his right promptly; and the result of enforcing the forfeiture must not be unconscionable.

*Id.* (quoting 32 Am. Jur. *Landlord and Tenant*, § 848, at 720–21 (1941)) (internal quotation marks omitted) (emphasis added).

This language is clearly *dicta* because it was unnecessary to the resolution of the case. *See Trs. of Rowan Technical Coll. v. J. Hyatt Hammond Assocs.*, 313 N.C. 230, 242, 328 S.E.2d 274, 281 (1985) ("Language in an opinion not necessary to the decision is *obiter dic-tum* and later decisions are not bound thereby."). Furthermore, the Supreme Court did not purport to adopt this language and announce it as the law of North Carolina with this quotation. Rather, the Court introduced the quotation by stating, "This is said in 32 Am. Jur., Landlord and Tenant, § 848." *Austraw*, 269 N.C. at 223, 152 S.E.2d at 159. Therefore, we conclude the Supreme Court's decision in *Austraw* did not modify the burden of persuasion for establishing a breach of a lease provision in summary ejectment actions.

Moreover, even if the quotation in *Austraw* is not *dicta*, the General Assembly added the language "plaintiff proves his case by a preponderance of the evidence" to N.C. Gen. Stat. § 42-30 in 1973 *after Austraw* was decided in 1967. *See* ch. 10, sec. 1, 1973 N.C. Sess. Laws 5, 5. This is not a constitutional issue over which our courts have the final say. Therefore, the General Assembly abrogated any deviation from the default burden of persuasion that might have occurred in *Austraw*.

Morris also directs us to our decision in *Fleming*. In that case, the dispositive issue was whether the Charlotte Housing Authority presented sufficient evidence to establish that an individual was a guest of the defendant-tenant in order to demonstrate a breach of the lease agreement. *Fleming*, 123 N.C. App. at 513, 473 S.E.2d at 374–75. We cited *Austraw* for the following proposition:

> In order to evict a tenant in North Carolina, a landlord must prove: (1) That it distinctly reserved in the lease a right to declare a forfeiture for the alleged act or event; (2) that there is clear proof of the happening of an act or event for which the landlord reserved the right to declare a forfeiture; (3) that the landlord promptly exercised its right to declare a forfeiture[;] and (4) that the result of enforcing the forfeiture is not unconscionable.

*Id.* at 513, 473 S.E.2d at 375 (citing *Austraw*, 269 N.C. at 223, 152 S.E.2d at 159). Following this statement, the opinion draws no connection between the "clear proof" language and the facts of the case before concluding that the plaintiff's evidence was insufficient. *See id.* at 513–15, 152 S.E.2d at 375–76. The opinion does not state that *Austraw* established a different burden of persuasion in summary ejectment cases. More importantly, the *Fleming* Court could not have

relied on *Austraw* to apply a heightened burden of persuasion for the reasons stated above. Reading our decision in *Fleming* as creating a heightened burden of persuasion would bring that case into conflict with the well-established rule that this Court may not modify the burden of persuasion in a civil case. *Adams*, 167 N.C. App. at 401, 606 S.E.2d at 154.

We hold that neither *Austraw* nor *Fleming* created a heightened burden of persuasion for plaintiffs in summary ejectment cases. The burden of persuasion is as set forth in N.C. Gen. Stat. § 42-30. The trial court erred in applying the clear, cogent, and convincing standard to DHM's summary ejectment action. The order of the trial court must be vacated and this matter must be remanded to the trial court.

### IV.  Waiver

[2] Because the trial court applied the wrong burden of persuasion on the issue of breach of the lease agreement, we do not reach the waiver issue. Waiver is an affirmative defense. *See* N.C. Gen. Stat. § 1A-1, Rule 8(a)(c) (2009) (describing waiver as an affirmative defense). Upon remand, Morris will bear the burdens of persuasion and production to establish waiver. *See Wells v. Clayton*, 236 N.C. 102, 106, 72 S.E.2d 16, 19 (1952) ("The defendant has the burden of proving an affirmative defense, or a controverted counterclaim."). *See generally supra* note 1 (explaining the distinction between the burdens of proof, persuasion, and production).

### V.  Conclusion

The trial court erred in requiring DHM to demonstrate a breach of the lease agreement by clear, cogent, and convincing evidence rather than by the preponderance of the evidence. On remand, the trial court shall apply the proper burden of persuasion. The trial court may, in its discretion, receive additional evidence. On remand, the trial court shall consider Morris's affirmative defense of waiver, applying the appropriate burden of proof.

VACATED and REMANDED.

Judges ERVIN and MCCULLOUGH concur.